(No. 30789.—

THE PEOPLE ex rel. Tracy Duffy, Appellee, vs. STEPHEN E. HURLEY et al., Appellants.

*Opinion filed March 24, 1949.*

BENJAMIN S. ADAMOWSKI, Corporation Counsel, (L. LOUIS KARTON, and SIDNEY R. DREBIN, of counsel,) all of Chicago, for appellants.

LANE, DUFFY & CONNELL, (EUGENE F. CONNELL, and THOMAS J. DUFFY, of counsel,) all of Chicago, for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:

This is an appeal which in effect seeks to determine the validity of the 1947 amendments to section 10½ of the City Civil Service Act, (Ill. Rev. Stat. 1947, chap. 24½, par. 49,) by which military credits were awarded to persons on promotional eligible lists of cities operating under the act. Appellee, Tracy Duffy, is a police sergeant in the city of Chicago who successfully passed the examinations for the position of police lieutenant in May, 1941. He was then placed number 128 on the promotional eligible list and by September 9, 1947, had progressed to number 9.

On the latter date, as a result of military credits given to others on the list, certain of the eligibles were advanced, and Duffy, a nonveteran, was lowered to position number 17. Thereafter, Duffy filed a petition for writ of *mandamus* in the circuit court of Cook County, in which he alleged the invalidity of the amendments upon which the award of military credits was based or, in the alternative, their inapplicability to persons on existing promotional eligible registers. He prayed that the civil service commission and the police commissioner of Chicago, whom he named as respondents, be compelled to restore him to his proper relative standing on the list. Respondents filed an answer alleging that they gave military credit only in conformity with the City Civil Service Act as amended, and denied that such amendments were invalid. The circuit court, after a hearing, ordered that a writ of *mandamus* issue as prayed. From that judgment the civil service commission and the police commissioner appeal to this court.

The statutory amendments put into issue by the pleadings are two which were adopted by the 1947 General Assembly, both purporting to amend the aforesaid section 10½ of the City Civil Service Act. They will be designated herein by the titles given them on their introduction before the legislature. Senate Bill 625 was introduced in the Senate on June 2, 1947, was approved by the legislature on June 28, 1947, and by the Governor on July 21, 1947. House Bill 692 was introduced in the House on May 13, 1947, was approved by the legislature on June 30, 1947, and by the Governor on August 8, 1947. Both related to giving preference and advantage to persons under civil service who had rendered military service in past wars.

The pertinent provisions of Senate Bill 625 (Laws of 1947, p. 639,) are as follows: "Every member of the classified civil service of any city, town, or village coming under the provisions of this Act, who was called to, or who volunteered for the military or naval service of the United

States at any time during the years hereinbefore specified or at any time between September 16, 1940, and the termination of World War II, and who was honorably discharged therefrom or who is now or may hereafter be on inactive or reserve duty in such military or naval service, not including, however, persons who were convicted by court-martial of disobedience of orders where such disobedience consisted in the refusal to perform military service on the ground of alleged religious or conscientious objections against war, and whose name appears on existing promotional eligible registers or any promotional eligible register that may hereafter be created by examination as provided for by this Act, shall, in addition to all other credits for ascertained merits (efficiency), experience and seniority in the service, be given an additional credit in promotional examinations of one per cent (1%) (on the basis of 100%) for each six months or fraction thereof of such military or naval service; and, provided, further, that such additional credit shall not be computed so as to increase or decrease the rating allotted to any person competing in such examination for ascertained merits (efficiency) or seniority in service. And provided further, that no person shall be given such additional credits in the promotional examination for more than eighteen months of such military or naval service."

House Bill 692, (Laws of 1947, p. 640,) provides as follows: "Sec. 10½. Persons who were engaged in the military, or naval service of the United States during the years 1861, 1862, 1863, 1864, 1865, 1898, 1899, 1900, 1901, 1902, 1914, 1915, 1916, 1917, 1918, or 1919, or any time between September 16, 1940, and the termination of World War II, and who were honorably discharged therefrom, and all persons who were engaged in such military or naval service during any of said years, or any time between September 16, 1940, and the termination of World War II, who are now or may hereafter be on inactive or reserve

duty in such military or naval service, not including, however, persons who were convicted by court-martial of disobedience of orders, where such disobedience consisted in the refusal to perform military service on the ground of alleged religious or conscientious objections against war, shall be preferred for appointments to civil offices, provided they are found to possess the business capacity necessary for the proper discharge of the duties of such office, and it shall be the duty of the examiner or commissioner certifying the list of eligibles who have taken the examinations provided for in this Act, to place the name or names of such persons at the head of the list of eligibles certified for · appointment, provided, however, that this shall not apply to promotions provided for in section 9 hereof, but in such promotions such person or persons shall be given an additional credit in the promotional examination of one per cent (1%) (on the basis of 100%) for each six months or fraction thereof of such military or naval service; and, provided, further that such additional credit shall not be computed so as to increase or decrease the rating allotted to any person competing in such examination for ascertained merits (efficiency) or seniority in service. And provided further, that no person shall be given such additional credits in the promotional examination for more than thirty months of such military or naval service."

Appellee, in his action in the trial court and in his argument before this court, makes two attacks on these amendments to the act, contending (1) that the two bills are repugnant and cannot be read together, and this being so, that the House Bill repealed the Senate Bill for the reason that it was approved on a later day by the legislature and the Governor, or if read together they must be interpreted as showing a legislative intent that military service is to be credited only at the time of promotional examinations, and cannot be credited to persons on existing promotional eligibility lists; (2) that the 1947 amendments

are unconstitutional in that they delegate legislative power to the civil service commission, and give the commission no intelligible standard to guide them in complying with the requirements of the act. Appellants, on the other hand, urge that the amendments may be construed so as to give effect to both, and that they do not constitute a delegation of legislative power to the commission.

As to the first point, suffice it to say at this time that we are of the opinion that the two amendments are not repugnant, can be read together, and that under authority of the Senate Bill, military credit may be awarded to persons on existing promotional eligibility lists. We refrain from a detailed discussion on such point because we are of the opinion that both amendments are invalid because they illegally delegate legislative power to the civil service commission.

In our consideration of other statutes alleged to be illegal as unwarranted delegations of legislative power, we have held that an act, to be valid, must not be vague, indefinite and uncertain. As pointed out in *Krebs* v. *Thompson,* 387 Ill. 471, it must be complete when it leaves the legislature and be sufficiently explicit to advise everyone of what his rights are under the act and how he will be affected by its operation. (*Chicagoland Agencies,* v. *Palmer,* 364 Ill. 13.) Statutes which are so incomplete, vague, indefinite and uncertain that men of ordinary intelligence must necessarily guess at their meaning and differ as to their application, have uniformly been declared unconstitutional as denying due process. (*Triner Corp.* v. *McNeil,* 363 Ill. 559; *Parks* v. *Libby-Owens-Ford Glass Co.* 360 Ill. 130.) For a statute to be held valid the duty imposed by it must be prescribed in terms definite enough to serve as a guide to those who have the duty imposed upon them. (*Vallat* v. *Radium Dial Co.* 360 Ill. 407.) If the law leaves to a ministerial officer the definition of the thing to which it shall apply, such definition not being commonly

known, it is invalid as an unwarranted and void delegation of legislative power to an administrative officer. *People* v. *Yonker,* 351 Ill. 139; *Mayhew* v. *Nelson,* 346 Ill. 381; *Welton* v. *Hamilton,* 344 Ill. 82.

It is appellee's contention that the duty imposed upon the civil service commission by Senate Bill 625 to award military credit is so vague, indefinite and uncertain as to constitute an invalid delegation of legislative power within the principles announced in the decisions above. The terms of House Bill 692 were not applied to appellee but its validity has been put in issue before us. Inasmuch as the method of awarding military credit is, in effect, the same in both bills, they must stand or fall together on the basis of appellee's contention. The substance of the latter's position is that under the present system of grading civil service examinations, the amendments are rendered inoperative and ineffectual to carry out the intent of the legislature.

The record indicates that the civil service commission, by virtue of the administrative powers delegated to it by sections 4, 6 and 9 of the Cities Civil Service Act, (Ill. Rev. Stat. 1947, chap. 24½, pars. 42, 44, and 47,) has promulgated rules for the conduct and grading of promotional examinations. Its power to do so is not contested here, but rather it is contended that the method for awarding military credits provided for in the two amendments cannot definitely and certainly be adapted to the commission's method of grading. Most promotional examinations consist of several subjects, and the participants are first graded on each subject on the basis of one hundred per cent. There is then applied a weight factor to each subject. The amount of weight given is large or small, in accordance with the importance of the subject in relation to all the subjects considered on the examination. For example "efficiency," being considered an important subject, would be given a weight factor of three, whereas a

lesser subject such as "city information" would be given a weight factor of one. In all a total of ten weights are assigned among the subjects considered on the examination, and participants are given ample advance notice of the proportionate weight each subject will bear. After the grades of examinees for each of the individual subjects are determined, such grades are then multiplied by the weight factor previously assigned each subject. The figures reached are then added together and divided by ten (the number of weights) to arrive at the final or general average for all subjects considered on the examination. This was the system which was in effect when appellee took his examination, when the 1947 amendments were passed, and when the commission sought to award military credits under the provisions of the amendments.

To restate the provisions of both statutes briefly, they provide in effect that persons rendering military service shall, in addition to all other credits for ascertained merits, be given an additional credit in promotional examinations of one per cent (on the basis of 100 per cent) for each six months, or fraction thereof, of military service. In giving such credit the legislature directs the commission that it must not affect any rating theretofore allowed for efficiency and seniority. When the commission sought to extend military credit to those persons on appellee's promotional list who were entitled to it, it did so by adding the credit to each score made by applicant on the individual subjects of the examination, excepting those of efficiency and seniority; each total reached, including those for efficiency and seniority, was multiplied by the weight originally assigned at the time of the examination. As before, all the totals reached were added together and divided by ten to reach the general average. A graphic illustration of the method used, using the figure "5" to denote the percentage added for a maximum military service of thirty months, is as follows:

GENERAL AVERAGE INCLUDING ADDITIONAL CREDIT FOR
MILITARY OR NAVAL SERVICE:

| Subject | Average | | Mil. Pref. Credit | Total | Weight | Product |
|---|---|---|---|---|---|---|
| Duties | 65.10 | + | 5 | 70.10 | 3 | 210.30 |
| Report | | + | | | | |
| City Information | | + | | | | |
| Education | 70 | + | 5 | 75.00 | 2 | 150.00 |
| | | + | | | | |
| | | + | | | | |
| Physical | 66.33 | + | 5 | 71.33 | 1 | 71.33 |
| EFFICIENCY......................... | | | | 85 | 3 | 255. |
| SENIORITY........... ............... | | | | 87 | 1 | 87 |
| Total................. | | | | | 10 | 773.63 |
| General Average.............. | | | | | | 77.36 |

Since some of the weights were given to the subjects
of efficiency and seniority when those items were consid-
ered in the original rating fixed for an applicant, the in-
clusion of these two subjects in the recomputation and
application of the military credit, with the same weight
or multiplication factor, in our opinion makes the provision
of adding one per cent credit for military service on the
basis of one hundred per cent, unworkable and incapable
of application. Without further instructions from the
legislature, the exception of seniority and efficiency leaves
the amendment without a fixed standard as to how the
military credit is to be computed. The record shows that
the commission itself considered these two attributes, which
the amendments say must not be altered, as important in
the placement of a member of the police department, for
they gave nearly half of the ten weights to those subjects.

The City Civil Service Act does not specifically provide for the weight system used by the commission. The weights on the different subjects are fixed arbitrarily by the commission on the basis of the importance they attach to the subjects considered on examinations. We are of the opinion, however, that in the absence of a showing that the commission acted arbitrarily in their assignment of weights, examinees would be bound by their use inasmuch as ample notice of the weights is given before the examinations. The amendments here in issue do not mention the subject of weights, nor do they indicate that the weight system of grading was considered by the legislature. Under the system employed, the value of the military credit is not constant but fluctuates with whatever weight factor is used for the various subjects.

Neither the veteran nor the nonveteran can, by reading the amendments, ascertain what his rights are, or where he should be placed on the list as a result of the credit given for military service. The acts themselves should fix the standards to be used. The amendments do not specify whether the one per cent for military service shall be added to the subjects before or after the original grade is multiplied by the weight factor. Here, the commission in figuring the military credits which affected appellee's standing on the promotion list added the service credit to the original grade of the veterans in each subject other than efficiency and seniority, and then multiplied by the weight factor. Since the act and amendments make no reference to weights or their use, the military credit could just as well have been applied after the multiplication by the weight factor occurred. To do so would produce a result substantially different from that reached by the commission. The amendments provide that the service credit must not affect grades for efficiency and seniority, but they do not specify whether the percentage shall be added to the grades in other subjects collectively or separately. It may readily be seen that

to add the military credits to the general average of an examinee, rather than to the grade on each subject as was done here, would produce an entirely different result. These various possible methods of computation to which the amendments are susceptible are indicative of their vagueness and uncertainty as to how the military credit shall be awarded. Appellants seek to justify their method of computing the credit by urging that to fix such a method is within their administrative powers to conduct and grade examinations, and is not one of the minute contingencies (*People* v. *Roth,* 249 Ill. 532,) which must be provided for by the legislature. In view of the substantial effect the various methods of computation could have on a veteran's position on a promotion list, the method of ascertaining military credit is not an administrative function, but a matter to be determined by the legislature.

The greatest uncertainty as to proper procedure in the amendments results, in our opinion, from the failure of the law to advise what shall be done after efficiency and seniority are eliminated. By eliminating two of the principal subjects upon which a civil service employee's ability can be measured and by not specifying upon what other items, if any there are, the one per cent shall be based, the amendments are deficient in themselves and delegate legislative power to the civil service commission.

It is true that this court, along with others in our nation, has upheld preferential legislation for veterans. (*People ex rel. Jendrick* v. *Allman,* 396 Ill. 35; *People ex rel. Sellers* v. *Brady,* 262 Ill. 578; *Brown* v. *Russell,* 166 Mass. 14, 43 N.E. 1005.) We are not unmindful of these decisions in considering the legislation before us. However, it is equally a settled rule that one of the purposes of our constitution is to protect every citizen in his personal and property rights against the arbitrary action of any person or authority, and a statute which subjects

any person's rights to the discretion of either, without any rules or provisions in the law to control the said officer or authority, is a violation of the constitution. (*People ex rel. Gamber* v. *Sholem,* 294 Ill. 204.) The appellee here had a right to the position attained on the promotion list and the movement of others to positions ahead of him affected that right. We are of the opinion that such movement was accomplished under statutory authority which is rendered invalid by the vagueness and uncertainty of its terms, and which delegates to the civil service commission the ultimate power of determining the true value of the military credit. The companion bill to the one under which the commission acted is subject to the same objection.

From a reading of the amendments, neither a veteran nor a nonveteran, such as appellee, even with knowledge of the length of military service an examinee had, could tell by any method of computation stated or referred to therein, what would be his relative standing on a promotional list, existing or future, where military credit had been extended. The legislature intended to give preference to military and naval veterans under civil service and it was a matter for legislative discretion to define how it should be given and applied. This they failed to do in a definite or certain manner, or in terms adapted to the weight system of grading. As the amendments have been applied, the discretion has vested with the civil service commission, and they constitute an invalid delegation of legislative power. The repeated legislation and litigation arising from the amendments, and their predecessors, is, to some extent, indicative of the doubts which exist as to their effect and application. To repeat the general rule, a statute which requires the performance of an act in terms so indefinite, uncertain and puzzling that men of ordinary intelligence must necessarily guess at its meaning and differ as to its application, tran-

scends due process of law. In our opinion the 1947 amendments to section 10½ of the City Civil Service Act clearly come within the rule.

In view of such conclusion we find it unnecessary to pass on the further objection that the two amendments are repugnant and that they cannot be read together. Since new legislation will be required, it is improbable that there will arise the problems created when the legislature, in one session, passed two laws on the same subject. For the reasons stated, we are of the opinion that the 1947 amendments to section 10½, as embodied in both Senate Bill 625 and House Bill 692, are invalid as contravening section 2 of article II of our constitution.

The judgment of the circuit court of Cook County awarding a writ of *mandamus* against appellants is affirmed.

*Judgment affirmed.*