THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PHILLIP SMITH, Defendant-Appellant.

First District (1st Division)   Nos. 85—1884, 85—1903 cons.

Opinion filed August 3, 1987.—Rehearing denied August 19, 1987.

James J. Doherty, Public Defender, of Chicago (Nicolette Katsivalis, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., Sharon L. Gaull, and Robert M. Podlasek, Assistant State's Attorneys, of counsel), for the People.

JUSTICE O'CONNOR delivered the opinion of the court:

The defendant was arrested on January 11, 1985, and charged with possession of a stolen motor vehicle (Ill. Rev. Stat. 1985, ch. 95½, par. 4—103). Following a bench trial, the defendant was found guilty and sentenced to six years in prison. The defendant claims on appeal that section 4—103 of the Vehicle Code under which he was sentenced is unconstitutional.

The defendant points out that the offense of possession of a stolen motor vehicle is a Class 2 felony, while the offense of theft (Ill. Rev. Stat. 1985, ch. 38, par. 16—1) is a Class 3 felony. The defendant ar-

gues that because possession of a stolen motor vehicle is a lesser included offense of theft of a motor vehicle, it is unconstitutional for the former to be punishable more severely than the latter.

As support for this position, the defendant cites *People v. Cramer* (1980), 81 Ill. App. 3d 525, 401 N.E.2d 644, *rev'd on other grounds* (1981), 85 Ill. 2d 92, 421 N.E.2d 189. There, the appellate court held that because all the elements of the offense of possession of a stolen motor vehicle are contained in the offense of theft, possession of a stolen motor vehicle was a lesser included offense of theft.

■■ ■ The defendant's argument fails to take into consideration the fact that the statute under which *Cramer* was decided made even repeated violations of section 4—103 a Class 4 felony. (Ill. Rev. Stat. 1977, ch. 95½, par. 4—108.) Subsequently, section 4—103 was amended to provide that a first conviction for the offense of possession of a stolen motor vehicle was a Class 4 felony and subsequent convictions were Class 3 felonies. (Ill. Rev. Stat. 1979, ch. 95½, par. 4—103(b).) In 1984, the legislature amended section 4—103 again (Ill. Rev. Stat. 1985, ch. 95½, par. 4—103), reclassifying an initial conviction for possession of a stolen motor vehicle as a Class 2 felony. The penalties for various other vehicle-related criminal offenses were also increased in the amendatory statute. (See Pub. Act 83—1473, eff. Jan. 1, 1985.) The amendment to section 4—103, by imposing a more severe penalty for possession of a stolen motor vehicle than that imposed for felony theft, demonstrated a legislative intent that possession of a stolen motor vehicle be considered as a separate, more serious offense and not as a lesser included offense of theft. The legislature could properly make such an evaluation. Thus, the defendant's argument that the statute provides a disproportionately more serious sentence for a lesser included offense than provided for the greater offense is without merit.

Accordingly, the judgment of the circuit court of Cook County is affirmed. As part of our judgment, we grant the State's request that defendant be assessed $50 as costs for this appeal.

Judgment affirmed.

QUINLAN, P.J., and BUCKLEY, J., concur.