(Nos. 63723, 63724 cons.

THE PEOPLE OF THE STATE OF ILLINOIS, Appel-
lant, v. LOUIS J. MONROE *et al.*, Appellees.

*Opinion filed October 5, 1987.—Rehearing
denied December 1, 1987.*

CUNNINGHAM, J., took no part.

Neil F. Hartigan, Attorney General, of Springfield, and Richard M. Daley, State's Attorney, of Chicago (Mark L. Rotert and Terence M. Madsen, Assistant Attorneys General, of Chicago, and Thomas V. Gainer, Jr., and Robert A. Alvarado and Carol L. Gaines, Assistant State's Attorneys, of counsel), for the People.

Alan B. Castator, of Oakbrook Terrace, for appellee Louis J. Monroe.

Louis B. Garippo, Thomas A. Moore and Susan G. Feibus, of Louis B. Garippo, Ltd., of Chicago, for appellee Ellis Levin.

JUSTICE MORAN delivered the opinion of the court:

Defendants Louis Monroe and Ellis Levin were charged in separate actions in the circuit court of Cook County with violations of the Drug Paraphernalia Control Act (the Act) (Ill. Rev. Stat. 1985, ch. 56½, pars. 2101 through 2107). Their cases were consolidated for trial, and on the defendants' motions to dismiss, the court held that the Act was impermissibly vague and therefore unconstitutional. The State appeals directly to this court. 107 Ill. 2d R. 603.

The State raises five issues on appeal. However, because of our disposition of the case it is only necessary that we reach the following issue: whether the Act is unconstitutionally vague because it contains two contradictory mental state requirements.

Initially, we must address the State's contention that in considering the constitutionality of the Act we are confined to passing on only the precise ruling of the trial court. The State notes that the trial court only found that the Act was unconstitutionally vague because of a variance between the mental state requirements in the definition of drug paraphernalia in section 2(d) (Ill. Rev. Stat. 1985, ch. 56½, par. 2102) and the statement of legislative intent in section 6 (Ill. Rev. Stat. 1985, ch. 56½, par. 2106). The State then argues that we must limit our review to this basis for the trial court's ruling and ignore the defendants' other constitutional challenges since they are alleged to be outside the factual setting in the trial court.

It is well settled that an appellee may raise any arguments in support of the trial court's judgment even though they were not directly ruled upon by the trial court. (*Hickey v. Illinois Central R.R. Co.* (1966), 35 Ill. 2d 427, 439-40; *In re Estate of Leichtenberg* (1956), 7 Ill. 2d 545, 549.) But it is also necessary that any points advanced in support of the trial court's ruling have a sufficient factual basis before the trial court. (*Shaw v. Lorenz* (1969), 42 Ill. 2d 246, 248.) Arguments of appellees based upon hypothetical factual settings will not be considered by a reviewing court. However, in this case it is difficult to discern how the defendants' arguments are outside the factual setting in the trial court. All of the defendants' arguments were raised in the trial court and challenge the constitutionality of the Act. Arguably, the defendants' challenges to the forfeiture and nuisance provisions are speculative since the State had not moved

for forfeiture or to abate a public nuisance; however, because of our disposition of the case this need not delay us.

Defendants first contend that the Act is unconstitutionally vague because the definition of drug paraphernalia in section 2(d) (Ill. Rev. Stat. 1985, ch. 56½, par. 2102) and the penalty provision in section 3(a) (Ill. Rev. Stat. 1985, ch. 56½, par. 2103) contain contradictory mental state requirements.

Section 2(d) defines drug paraphernalia as follows:

> "(d) 'Drug Paraphernalia' means all equipment, products and materials of any kind which are *peculiar to and marketed for use in* planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, concealing, injecting, ingesting, inhaling or otherwise introducing into the human body cannabis or a controlled substance in violation of the 'Cannabis Control Act' or the 'Illinois Controlled Substances Act.'" (Emphasis added.) Ill. Rev. Stat. 1985, ch. 56½, par. 2102 (hereinafter, definition section).

Section 3(a) provides that a violation of the Act occurs when:

> "(a) Any person who keeps for sale, offers for sale, sells, or delivers for any commercial consideration any item which that person knows, *or under all of the circumstances reasonably should have known,* to be drug paraphernalia, commits a business offense for which a fine of $1,000.00 shall be imposed for each such item." (Emphasis added.) Ill. Rev. Stat. 1985, ch. 56½, par. 2103 (hereinafter, penalty section).

Defendants argue that the definition section mandates an actual knowledge requirement whereas the penalty section removes it by allowing for mere constructive knowledge. They allege that the "peculiar to and marketed for use" language in the definition section requires

that the seller actually know that an instrument is to be used in connection with drugs whereas the "reasonably should have known" language in the penalty section only requires that the seller act in a set of circumstances from which a reasonable person would know that an instrument is to be used in connection with drugs. They contend that this confusion as to what mental state is required under the Act results in unconstitutional vagueness.

It is the State's position that no constitutional difficulties are engendered by the interplay of the mental state requirements in the definition and the penalty sections. The State argues that the constructive knowledge requirement of the penalty section does not eliminate the scienter requirement of the definition section but only strengthens it. It urges that the seemingly conflicting mental state requirements can be read together so as to narrow the circumstances under which convictions can occur. Thus, the State asserts that one commits an offense under this Act if he knew, or under all of the circumstances reasonably should have known, that the items he sold were peculiar to and marketed for use as drug paraphernalia.

In *Village of Hoffman Estates v. Flipside, Hoffman Estate, Inc.* (1982), 455 U.S. 489, 71 L. Ed. 2d 362, 102 S. Ct. 1186, the Court considered a vagueness challenge to a local drug paraphernalia ordinance which made it unlawful to sell any items which were "designed or marketed for use with illegal cannabis or drugs" without first obtaining a license. (455 U.S. 489, 491, 71 L. Ed. 2d 362, 367, 102 S. Ct. 1186, 1189.) Flipside, a tobacco accessory retailer, brought suit alleging that the ordinance was unconstitutionally vague because it was unable to determine what items the ordinance regulated. In upholding the ordinance, the Court stated that the scienter requirement contained in the ordinance met any

vagueness objections. "[T]he Court has recognized that a scienter requirement may mitigate a law's vagueness, especially with respect to the adequacy of notice to the complainant that his conduct is proscribed." (455 U.S. 489, 499, 71 L. Ed. 2d 362, 372, 102 S. Ct. 1186, 1193.) Specifically, the Court found that the ordinance's use of the phrase "marketed for use" encompasses a scienter requirement. Referring to the phrase, the Court stated that "[t]he standard requires scienter, since a retailer could scarcely 'market' items 'for' a particular use without intending that use." 455 U.S. 489, 502, 71 L. Ed. 2d 362, 374, 102 S. Ct. 1186, 1195.

With the guidance of *Hoffman Estates*, we turn to the provisions of the Act here at issue. It is clear that the definition section was drafted to conform to the dictates of *Hoffman Estates*. By defining drug paraphernalia as that which is "peculiar to and marketed for use" with drugs, the legislature sought to remove any uncertainty as to what constitutes drug paraphernalia by defining it with reference to the seller's marketing intentions. By linking the very definition of drug paraphernalia to the seller's marketing intentions, the legislature precluded the possibility of persons being convicted without adequate notice. A seller could hardly be heard to complain that a law fails to provide adequate notice to allow him to conform his conduct to the law when the law itself is defined in terms of that seller's intentions. Thus, the definition section requires that a seller market items for use with drugs and that such items be peculiar to drug usage in order for liability to attach. The penalty section, however, only requires that a seller "reasonably should have known" an item to be drug paraphernalia. As such, the penalty section allows for violations based upon the constructive knowledge of the seller and therefore directly conflicts with the definition section.

The State attempts to reconcile the conflicting mental state requirements by asserting that "one commits an offense under the Act if he knew, or under all of the circumstances reasonably should have known, that the items he sold were peculiar to and marketed for use as drug paraphernalia." Simply stated, this interpretation provides that a violation occurs when a seller should have known that he was marketing an item for use as drug paraphernalia. The illogic of this reading is readily apparent: one cannot market an item for use as drug paraphernalia without first having actual knowledge that an item is drug paraphernalia. That is, the marketing of an item is necessarily an intentional act and therefore it is logically impossible for one to negligently market an item for a particular use.

The State cites *Camille Corp. v. Phares* (7th Cir. 1983), 705 F.2d 223, as authority for the proposition that actual and constructive knowledge standards can be reconciled in drug paraphernalia enactments. In *Camille*, the court upheld, against vagueness objections, the constitutionality of an East Moline, Illinois, drug paraphernalia ordinance which contained a similar scienter requirement in the definition of drug paraphernalia but also contained a penalty section which required only that a seller reasonably should know that an item will be used in connection with drugs. Rejecting arguments that the ordinance permits convictions based upon mere negligence, the court reasoned that the definition section and penalty section could be read together so as to "require *both* that the violator intended the object for use with illegal drugs and also at least had reason to know that the transferee contemplated such illegal usage." (Emphasis in original.) (705 F.2d 223, 230.) The ordinance in *Camille*, however, permitted constructive knowledge only in regards to the intentions of the transferee whereas under the Act constructive knowledge is permit-

ted to redefine the mental state requirement of the seller. As such, *Camille* is not helpful in construing the Act.

Due process of law requires that a person of ordinary intelligence be given a reasonable opportunity to know what conduct is prohibited. (*Schiller Park Colonial Inn, Inc. v. Benz* (1976), 63 Ill. 2d 499, 513; *Grayned v. City of Rockford* (1972), 408 U.S. 104, 33 L. Ed. 2d 222, 92 S. Ct. 2294.) Due process is offended where statutes "are so incomplete, vague, indefinite and uncertain that men of ordinary intelligence must necessarily guess at their meaning and differ as to their application." (*People ex rel. Duffy v. Hurley* (1949), 402 Ill. 562, 567.) Drug paraphernalia statutes are frequently challenged on vagueness grounds because of the inherent difficulty in proscribing certain articles only in regard to their illicit functions. *Hoffman Estates* makes it clear, however, that such vagueness objections can be overcome by requiring scienter. And while the legislature apparently intended that scienter be included in the definition of drug paraphernalia, the penalty section allows for convictions based upon the constructive knowledge of the seller. As a result of this conflict, citizens are not afforded fair notice of what conduct is prohibited and law-enforcement personnel are not provided clear standards in applying the law, so that there exists the danger of arbitrary and discriminatory enforcement. (*Grayned v. City of Rockford* (1972), 408 U.S. 104, 33 L. Ed. 2d 222, 92 S. Ct. 2294.) Accordingly, we hold that the Act is unconstitutionally vague.

*Affirmed.*

JUSTICE CUNNINGHAM took no part in the consideration or decision of this case.