THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
LOUIS AMBROSE, Defendant-Appellant.

First District (2nd Division)   No. 86—2829

Opinion filed *nunc pro tunc* April 26, 1988.

Randolph N. Stone, Public Defender, of Chicago (Kendall Hill, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., Patricia Y. Brown, and Elissa Rhe Lee, Assistant State's Attorneys, of counsel), for the People.

JUSTICE STAMOS* delivered the opinion of the court:

The defendant Louis Ambrose was convicted in a bench trial of possession of a stolen motor vehicle and burglary and sentenced to concurrent three-year terms for each offense. Subsequently, the trial court vacated the sentence and resentenced the defendant to three years of intensive probation. The defendant appeals his convictions on the ground that the evidence failed to prove his guilt beyond a reasonable doubt. He also argues that section 4—103 of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 4—103), under which he was convicted, is unconstitutional.

At the defendant's trial Calvin Pugh testified that on the evening of March 28, 1985, his car, a 1980 Oldsmobile, was stolen from

---

*This opinion was first published in the form of a Supreme Court Rule 23 order during which time Justice Stamos was a member of the Illinois Appellate Court, since elevated to the Illinois Supreme Court.

9255 South Normal in Chicago. Pugh testified that when the car was stolen it had two "Vogue" tires and two "Kelly" tires. He further testified that he did not see the car again until March 30, 1985. At that time he saw that the steering column had been damaged, the trunk had been "popped," and all four tires, the radio, and the battery were missing. Pugh stated that although the radio was missing, he did not notice any pry marks on the dashboard where the radio had been. He also stated that he had not been shown any tires recovered by the police, but that he could have identified the Vogue tires if he had seen them.

Officer Dominick Canova of the Chicago police department testified that in the early morning hours of March 30, he and his partners responded to a call of a theft from an auto at 6410 South Claremont. When they arrived at the address, which was a parking lot, Canova noticed a 1980 Oldsmobile later identified by Pugh as his car. Canova testified that the interior light was on and that inside the car a man, whom he identified as the defendant, was trying to pry the radio out of the dashboard with a tire iron. Canova also testified that the car had no tires. Canova approached the car, identified himself, and ordered the defendant to get out of the car. Canova advised the defendant of his *Miranda* rights and then asked what he was doing. Canova testified that the defendant told him that the car had been abandoned and that everyone was taking parts from it so he also decided to take some things. Canova also testified that parked next to the Oldsmobile was a Chrysler which the defendant claimed to own and in the backseat of the Chrysler were four tires, including two Vogues. The defendant was taken to the police station, where, after being advised again of his *Miranda* rights, he stated that he stole the car because he needed new tires for his car.

Keith Jackson, testifying on behalf of the defendant, stated that on the morning of March 30, he was walking past the lot on Claremont when he saw the defendant sitting in his car. As he approached the car, numerous police cars appeared. Jackson was stopped and told to put his hands on a police car. The officers then went over to the defendant and ordered him to get out of his car. Jackson testified that at that point he could not see what the officers were doing with the defendant, but he stated that when he turned around a short time later, the defendant's car trunk was open and two tires were on the ground. Jackson further testified that he did not see where the tires came from or how the defendant's trunk came to be open. He stated that he was ordered to put

the tires in a police car and that, eventually, he was allowed to leave.

Testifying in his own behalf, the defendant stated that on the morning of March 30, at approximately 2 a.m., he was sitting in his car in the parking lot drinking beer when the police arrived and ordered him out of the car. The officers searched his car and then looked inside the car parked next to his. They then took his keys, opened his trunk, and removed four tires. The defendant testified that he had purchased these tires two weeks earlier. He denied stealing the tires from Pugh's car, and he denied telling the police that he had stolen the car because he needed new tires.

During the course of the defendant's testimony, the trial court asked what had become of the tires recovered by the police. When informed that the tires were in inventory, the court noted Pugh's testimony that he could identify the tires, and following the defendant's testimony, a continuance was granted to give Pugh an opportunity to view the tires. Subsequently, however, it was disclosed that the tires had been destroyed.

The trial court found the defendant guilty as charged. In entering its findings the court stated that it was basing the decision on the credibility of the witnesses, particularly that of Officer Canova, whose testimony the court described as clear and convincing.

The defendant contends that the trial court erred in concluding that Canova's testimony was credible and clear and convincing. He points out that Canova testified that when he saw the defendant sitting in Pugh's car, the light was on and the defendant was trying to pry the radio out of the dashboard. The defendant claims that this testimony was contradicted by Pugh's testimony that when he saw the car both the battery and the radio were missing and by his statement that he did not notice pry marks on the dashboard. The defendant argues that because the State's evidence on these "vital" facts was confusing and conflicting it failed to prove his guilt beyond a reasonable doubt. The defendant also argues that the State's failure to produce the tires raised additional doubt as to his guilt.

■■ The defendant was convicted of possession of a stolen motor vehicle and burglary. Under section 4—103 of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 4—103), it is unlawful for a person not entitled to the possession of a vehicle to possess it knowing it to have been stolen. The statute further provides that it may be inferred that a person exercising exclusive possession over a stolen vehicle has knowledge that such a vehicle has been stolen. A person commits burglary when without authorization he knowingly

enters a motor vehicle with the intent to commit a felony or theft therein. (Ill. Rev. Stat. 1985, ch. 38, par. 19—1.) In the present case, it is clear that the State's evidence was sufficient to establish the elements of both offenses.

██ ██ Officer Canova testified that he saw the defendant sitting in Pugh's car and that subsequently the defendant told him that he had stolen the car to obtain tires for his own car. This testimony, if believed, was sufficient to establish that the defendant knowingly possessed a stolen car. Canova further testified that while sitting in the car, the defendant attempted to pry the radio out of the dashboard with a tire iron. This action, coupled with the defendant's unauthorized entry into the car, was sufficient to establish the burglary. See *People v. Bournes* (1977), 55 Ill. App. 3d 237, 370 N.E.2d 1230, *appeal denied* (1978), 71 Ill. 2d 599.

The defendant argues, however, that the conflicts between Pugh's testimony and Canova's testimony render Canova's testimony incredible. We do not agree.

██ ██ It is well settled that the question of a witness' credibility and the weight to be given the evidence are matters within the province of the trier of fact, and a reviewing court will not set aside a finding of guilt unless the evidence is so palpably contrary to the finding or so unreasonable, improbable, or unsatisfactory that it creates a reasonable doubt of guilt. (*People v. Sanchez* (1986), 115 Ill. 2d 238, 503 N.E.2d 277, *cert. denied* (1987), 483 U.S. 1010, 97 L. Ed. 2d 745, 107 S. Ct. 3240; *People v. Collins* (1985), 106 Ill. 2d 237, 478 N.E.2d 267, *cert. denied* (1985), 474 U.S. 935, 88 L. Ed. 2d 274, 106 S. Ct. 267.) Minor discrepancies and inconsistencies do not destroy a witness' credibility; rather, they go only to the weight to be accorded that testimony by the trier of fact. *People v. Ranola* (1987), 153 Ill. App. 3d 92, 505 N.E.2d 1191.

██ In the present case, the trial court specifically found that Canova's testimony was credible and clear and convincing. As we stated above, we believe that this testimony was sufficient to establish the defendant's guilt. We also believe that in light of the sufficiency of the testimony and the trial court's acceptance thereof, the State's failure to establish what became of the radio and battery between the defendant's arrest at 2 a.m. and Pugh's inspection of the car several hours later does not render the evidence so unsatisfactory as to create a reasonable doubt of guilt. Similarly, the failure to produce the tires does not alter the fact that Canova's testimony was sufficient to establish the defendant's guilt. Accordingly, we conclude that the defendant was properly convicted of both offenses.

■■ The defendant also argues that section 4—103 of the Illinois Vehicle Code is unconstitutional because it classifies possession of a stolen motor vehicle as a Class 2 felony, punishable by three to seven years in prison, while theft of a motor vehicle (Ill. Rev. Stat. 1985, ch. 38, par. 16—1) is classified as a Class 3 felony and punishable by two to five years in prison. The defendant claims that possession of a stolen motor vehicle is a lesser included offense of theft and that because the statute makes the lesser included offense a greater class of felony and provides for longer possible sentences, it is unconstitutional.

Similar arguments were made in *People v. Carlyle* (1987), 159 Ill. App. 3d 964, 513 N.E.2d 61, *appeal denied* (1987), 116 Ill. 2d 564, and *People v. Smith* (1987), 159 Ill. App. 3d 156, 512 N.E.2d 71, where the first and fifth divisions of the Illinois Appellate Court, First District, upheld the constitutionality of section 4—103. (See also *People v. Larson* (1987), 158 Ill. App. 3d 135, 511 N.E.2d 191, *appeal denied* (1987), 116 Ill. 2d 569 (in which the Second District also upheld the statute).) We are aware that the third division of the First District has recently declared section 4—103 unconstitutional *(People v. Bryant* (1988), 165 Ill. App. 3d 996, *appeal allowed* (1988), 121 Ill. 2d 574). However, we believe that the better reasoned conclusion is that reached in *Carlyle, Smith,* and *Larson.* Therefore, we find that section 4—103 does not violate the constitutional guaranties of due process and proportionate penalties.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

BILANDIC and SCARIANO, JJ., concur.