THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANGELO HALL, Defendant-Appellant.

First District (3rd Division)   No. 1—88—0357

Opinion filed August 30, 1989.

Randolph N. Stone, Public Defender, of Chicago (Robert D. Glick, Assistant Public Defender, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Inge Fryklund, James E. Fitzgerald, and Christine Perille, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE FREEMAN delivered the opinion of the court:

Following a bench trial, defendant, Angelo Hall, was convicted of possession of a stolen motor vehicle and sentenced to two years' probation. The issue on appeal is whether section 4—103 of the Illinois Vehicle Code is constitutional. Ill. Rev. Stat. 1985, ch. 95½, par. 4—103.

■ Because this appeal is limited to a determination of the constitutionality of the statute, we will dispense with a recitation of the facts. Initially, we must determine whether, as the State contends, defendant waived this issue by failing to raise it in the trial court. A constitutional challenge to a statute can be raised at any time. (*People v. Bryant* (1989), 128 Ill. 2d 448, 539 N.E.2d 1221.) Accordingly, defendant has not waived the issue.

Defendant challenges the constitutionality of the entire statute. The statute consists of essentially two parts. Section 4—103(a) sets out the conduct constituting the offense of possession of a stolen motor vehicle (Ill. Rev. Stat. 1985, ch. 95½, par. 4—103(a)); and section 4—103(b) sets out the penalty (Ill. Rev. Stat. 1985, ch. 95½, par. 4—103(b)). We will structure our discussion of defendant's contentions accordingly.

Defendant contends that section 4—103(a) is unconstitutional because it contains contradictory mental states, thereby violating due

process because this conflict denies citizens fair notice of what conduct is prohibited. Specifically, defendant challenges section 4—103(a)(1) on the ground that it provides for two different and conflicting mental states. The section provides as follows:

"(1) A person not entitled to the possession of a vehicle to receive, possess, conceal, sell, dispose, or transfer it, *knowing it to have been stolen or converted*; additionally, the General Assembly finds that the acquisition and disposition of vehicles and their essential parts are strictly controlled by law and that such acquisition and disposition are reflected by documents of title, uniform invoices, and bills of sale. *It may be inferred, therefore that a person exercising exclusive unexplained possession* over a stolen or converted vehicle or an essential part of a stolen or converted vehicle *has knowledge that such vehicle or essential part is stolen or converted,* regardless of whether the date on which such vehicle or essential part was stolen is recent or remote [.]" *(Emphasis added.)* (Ill. Rev. Stat. 1985, ch. 95½, par. 4—103(a)(1).)

For clarity, the exact language from which defendant concludes that two different and contradictory mental states are provided for has been italicized. Essentially, defendant argues that, pursuant to this provision, an individual has committed the offense if he has one of two mental states: *scienter* or constructive knowledge. Accordingly, defendant reasons that a person of ordinary intelligence has no notice of what the law requires. This lack of notice is in violation of due process.

In *People v. Monroe* (1987), 118 Ill. 2d 298, 515 N.E.2d 42, on which defendant relies, our supreme court stated:

"Due process of law requires that a person of ordinary intelligence be given a reasonable opportunity to know what conduct is prohibited. [Citations.] Due process is offended where statutes 'are so incomplete, vague, indefinite and uncertain that men of ordinary intelligence must necessarily guess at their meaning and differ as to their application.' " *(Monroe,* 118 Ill. 2d at 305, quoting *People ex rel. Duffy v. Hurley* (1949), 402 Ill. 562, 567.)

That case involved a drug paraphernalia statute in which the section defining "drug paraphernalia" included *scienter* whereas the penalty section allowed for convictions based upon constructive knowledge. The court held the statute to be unconstitutionally vague, reasoning that these conflicting mental states denied citizens fair notice of what conduct was prohibited. However, that case is distinguishable from the present case because the two mental states could not be reconciled.

The definition section of the challenged statute provided that drug paraphernalia meant "all equipment, products and materials of any kind which are peculiar to and marketed for use in." (Ill. Rev. Stat. 1985, ch. 56½, par. 2102(d).) As the court explained, the phrase "peculiar to and marketed for use in" necessarily required an intentional act because one could not market an item for use as drug paraphernalia without first having actual knowledge that an item was drug paraphernalia. Therefore, the court reasoned that it was logically impossible for one to negligently market an item for a particular use. (*Monroe*, 118 Ill. 2d at 304.) The penalty provision, on the other hand, provided that a person committed the offense if he knew that the item was drug paraphernalia or if, under all of the circumstances, he reasonably should have known that the item was drug paraphernalia. (*Monroe*, 118 Ill. 2d at 303.) Consequently, under that provision an individual could commit the offense through negligence on his part. The court concluded that these mental states were conflicting and could not be reconciled. *Monroe*, 118 Ill. 2d at 304.

■ This is not the situation in the present case. The two mental states can be reconciled. The provision merely provides that the requisite knowledge that a vehicle was stolen may be inferred from a person's exclusive and unexplained possession over a vehicle. There does not exist within this provision the kind of inherent logical impossibility that was present in *People v. Monroe*. Consequently, we find that the language of this provision provides persons a reasonable opportunity to know what conduct is prohibited. It is not so vague, indefinite or uncertain as to violate due process of law.

■ Defendant also challenges the constitutionality of the penalty provision of the statute. (Ill. Rev. Stat. 1985, ch. 95½, par. 4—103(b).) He argues that the provision violates due process because: (1) it imposes a harsher penalty for the lesser-included offense of theft; and (2) it does not bear a reasonable relationship to its legislative purpose of preventing auto theft or "chop shop" operations. In the recent case of *People v. Bryant* (1989), 128 Ill. 2d 448, 539 N.E.2d 1221, the Illinois Supreme Court upheld the constitutionality of the provision against similar arguments. Consequently, no further consideration of the merits of this issue is warranted.

For the reasons stated above, the judgment of the circuit court is affirmed.

Judgment affirmed.

RIZZI and WHITE, JJ., concur.