THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MELVIN MALONE, Defendant-Appellant.

First District (5th Division)   No. 1—87—2347

Opinion filed September 15, 1989.

Randolph N. Stone, Public Defender, of Chicago (Edwin A. Burnette, Assistant Public Defender, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Judy L. DeAngelis, Special Assistant State's Attorney, and Inge Fryklund, Assistant State's Attorney, of counsel), for the People.

PRESIDING JUSTICE MURRAY delivered the opinion of the court:

Following a bench trial in the circuit court of Cook County, defendant was found guilty of possession of a stolen motor vehicle (Ill. Rev. Stat. 1985, ch. 95½, par. 4—103(a)(1)), sentenced to four years' probation and ordered to pay $250 as restitution to the victim. In this appeal from that judgment defendant challenges the constitutionality of the statute under which he was convicted.

The evidence adduced by the State at trial showed that defendant was arrested by Chicago police who saw him inside a stolen vehicle working under the dashboard with a screwdriver and pliers. The officers made this observation in a desolate area of the city about 1½ hours after the car was reported stolen, and the damaged condition of the car clearly showed that it was being "stripped."

Defendant denied any involvement with the car and presented an alibi witness to corroborate his testimony that he was at a party when the alleged theft and arrest occurred. The trial court was not convinced, however, and found that the State had proved defendant guilty of the offense of possession of a stolen motor vehicle beyond a reasonable doubt.

In this appeal defendant contends that the statute under which he was convicted is unconstitutional. In support of that contention defendant specifically asserts (1) that the offense created by the statute does not bear a reasonable relation to a legitimate State purpose or use a reasonable method to further or protect the State's interest for which it was enacted; (2) that in setting a greater penalty for the crime of possession than for the included offense of theft, the statute violates the due process and proportionate penalty clauses of the Illinois Constitution; and (3) that the statute further violates due process guarantees because it embodies contradictory mental states which deny citizens fair notice of what conduct is prohibited by the statute.

In *People v. Bryant* (1989), 128 Ill. 2d 448, 439 N.E.2d 1221, the supreme court upheld a constitutional challenge to section 4—103(b) of the statute which was based on arguments virtually identical to those

raised by defendant in points (1) and (2) above. Since we find no appreciable differences in these arguments, we necessarily find *Bryant* dispositive and no further comment warranted on those issues.

Defendant also contends, however, that section 4—103(a) of the Illinois Vehicle Code, which is the definitional portion of the statute, is unconstitutional. His argument is based on the assertion that the statute embodies contradictory mental states which thereby violates due process because citizens were denied fair notice of what conduct is prohibited. Section 4—103(a) provides in pertinent part:

"(a) It is a violation of this Chapter for:

(1) A person not entitled to the possession of a vehicle to receive, possess, conceal, sell, dispose, or transfer it, *knowing it to have been stolen or converted*; additionally, the General Assembly finds that the acquisition and disposition of vehicles and their essential parts are strictly controlled by law and that such acquisition and disposition are reflected by documents of title, uniform invoices, and bills of sale. *It may be inferred, therefore, that a person exercising exclusive unexplained possession* over a stolen or converted vehicle or an essential part of a stolen or converted vehicle *has knowledge that such vehicle or essential part is stolen or converted,* regardless of whether the date on which such vehicle or essential part was stolen is recent or remote[.]" (Emphasis added.) Ill. Rev. Stat. 1985, ch. 95½, par. 4—103(a)(1).

Defendant maintains that the constructive-knowledge provision which is set forth in the last sentence of the above-quoted statute conflicts with the *scienter* requirement embodied in the phrase "knowing it to have been stolen or converted." Because of this he asserts that the conduct prohibited by the statute is so ill-defined that a reasonable person has no guidance as to what is necessary to conform to the requirements of the law and, accordingly, that the statute is unconstitutional.

In support of his position defendant analogizes this situation to the disparity contained in the drug paraphernalia statute which was found unconstitutionally vague by the supreme court in *People v. Monroe* (1987), 118 Ill. 2d 298, 515 N.E.2d 42. There, the section of the statute which defined "drug paraphernalia" included a *scienter* requirement, while the penalty section of the same statute permitted a conviction based on constructive knowledge. In ruling on this dilemma, the *Monroe* court commented, "Due process of law requires that a person of ordinary intelligence be given a reasonable opportunity to know what conduct is prohibited" and further, that "Due pro-

cess is offended where statutes 'are so incomplete, vague, indefinite and uncertain that men of ordinary intelligence must necessarily guess at their meaning and differ as to their application.' " (118 Ill. 2d at 305, quoting *People ex rel. Duffy v. Hurley* (1949), 402 Ill. 562, 567; see also *People v. Jihan* (1989), 127 Ill. 2d 379, 537 N.E.2d 751 (construing a statute which outlawed the practice of midwifery without a license).) The *Monroe* court then concluded that since the definitional section of the statute required that a seller market items for use with drugs, which items must be peculiar to drug usage in order for liability to attach (*scienter*), while the penalty section of the statute permitted a violation based upon the constructive knowledge of the seller, that the statute was unconstitutionally vague because the conflicting mental states denied citizens fair notice of what conduct was prohibited.

In the case at bar, we find no such conflict for the possession statute at issue merely provides that the requisite knowledge of the stolen nature of the vehicle may be inferred from a person's exclusive and unexplained possession of it, and thus avoids the inherent illogic contained in the drug paraphernalia statute which was construed in *Monroe*. (*Monroe*, 118 Ill. 2d at 304; see also *People v. Santana* (1987), 161 Ill. App. 3d 833, 515 N.E.2d 715.) Consequently, we find that the language of this statutory provision provides persons of ordinary intelligence with a reasonable opportunity to know what conduct is prohibited, and thereby comports with due process requirements. (Accord *People v. Hall* (1989), 187 Ill. App. 3d 1084.) As specifically applied to the facts of this case, we find it obvious, even from the brief synopsis of the facts set forth above, that the statute apprised defendant that his conduct in this case was prohibited under its terms. See *People v. Jihan* (1989), 127 Ill. 2d 379, 537 N.E.2d 751; *People v. Davenport* (1988), 176 Ill. App. 3d 142, 530 N.E.2d 1118.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Affirmed.

PINCHAM and COCCIA, JJ., concur.