THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
CORDELL JONES, Defendant-Appellant.

First District (5th Division)   No. 1—88—1128

Opinion filed September 7, 1990.

Randolph N. Stone, Public Defender, of Chicago (Robert D. Glick, Assistant Public Defender, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Judy L. DeAngelis, Special Assistant State's Attorney, and Inge Fryklund, Assistant State's Attorney, of counsel), for the People.

PRESIDING JUSTICE COCCIA delivered the opinion of the court:

Defendant Cordell Jones was convicted of possessing a stolen motor vehicle, contrary to the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1987, ch. 95½, par. 1—100 *et seq.*), and sentenced to three years in the Department of Corrections. In this court, Jones has challenged the constitutionality of section 4—103 of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 4—103), on numerous grounds. Because Illinois reviewing courts have rejected the challenges he raises, we affirm.

On appeal, Jones contends only that section 4—103 is unconstitutional; thus, a lengthy recitation of the facts may be omitted. Jones was charged by information with possession of a stolen motor vehicle and theft. On January 11, 1988, following a bench trial, he was convicted of both offenses. On February 9, 1988, Jones argued his motion for a new trial, and the circuit court vacated the theft conviction. But the court refused to declare section 4—103 unconstitutional. On April 6, 1988, the court sentenced Jones to three years in prison. Jones' notice of appeal was filed on April 11, 1988. We set the case for oral argument on January 23, 1990. However, Jones' counsel subsequently requested that we remove the case from the call, in light of recent decisions of the supreme and appellate courts. Accordingly, we took the case on the briefs alone.

■ The State argues that Jones waived the issue of section 4—103's constitutionality, by failing to raise it in the circuit court. Our review of the record, however, reveals that Jones did raise the issue below. Jones attacked section 4—103 in his written motion for a new trial, and he challenged it at the hearing of February 9, 1988. Be that as it may, Jones was not required to raise this issue below in order to argue it on appeal. While there was authority in Illinois supporting the proposition that a statute's constitutionality must be questioned in the circuit court to be preserved for appellate review, the supreme court has recently made it clear that a statute may be challenged for the first time on appeal. See *People v. Bryant* (1989), 128 Ill. 2d 448, 453-54, 539 N.E.2d 1221, 1223-24.

■■ We now turn to the merits of Jones' appeal. Section 4—103 provides:

"Offenses relating to motor vehicles and other vehicles—Felonies. (a) It is a violation of this Chapter for:

(1) A person not entitled to the possession of a vehicle or essential part of a vehicle to receive, possess, conceal, sell, dispose, or transfer it, knowing it to have been stolen or converted; additionally the General Assembly finds that the acqui-

sition and disposition of vehicles and their essential parts are strictly controlled by law and that such acquisition and disposition are reflected by documents of title, uniform invoices, rental contracts, leasing agreements and bills of sale. It may be inferred, therefore that a person exercising exclusive unexplained possession over a stolen or converted vehicle or an essential part of a stolen or converted vehicle has knowledge that such vehicle or essential part is stolen or converted, regardless of whether the date on which such vehicle or essential part was stolen is recent or remote.

\* \* \*

(b) Sentence. A person convicted of violation of this Section shall be guilty of a Class 2 felony." (Ill. Rev. Stat. 1987, ch. 95½, pars. 4—103(a)(1), (b).)

As mentioned above, Jones has challenged section 4—103's constitutionality on many grounds, but those challenges have been rejected by the reviewing courts of this State.

For example, following the third division's opinion in *People v. Bryant* (1988), 165 Ill. App. 3d 996, 520 N.E.2d 890, Jones argues that section 4—103 violates the due process and proportionate penalty provisions of the Illinois Constitution. (Ill. Const. 1970, art. I, §§ 2, 11.) Specifically, he contends that because possession of a stolen motor vehicle is both a less culpable offense than theft and a lesser included offense of theft, it should not be punished more severely than theft. In *Bryant*, however, the supreme court reversed the third division, holding that section 4—103 did not violate the due process and proportionate penalty clauses. The supreme court reasoned that the legislature, by steadily increasing the penalty for possession of a stolen motor vehicle over the years, indicated its intent that this offense is a separate, more serious offense than theft, rather than a lesser included offense of theft. (*Bryant*, 128 Ill. 2d at 457, 539 N.E.2d at 1225-26.) This court came to the same conclusion, earlier, in *People v. Carlyle* (1987), 159 Ill. App. 3d 964, 968, 513 N.E.2d 61, 63. See also *People v. Ambrose* (1988), 171 Ill. App. 3d 87, 525 N.E.2d 536; *People v. Smith* (1987), 159 Ill. App. 3d 156, 512 N.E.2d 71; *People v. Larson* (1987), 158 Ill. App. 3d 135, 511 N.E.2d 191.

In *Bryant*, the supreme court rejected another argument that Jones makes here. The appellate court in *Bryant* determined that the General Assembly created an unconstitutional statutory scheme when it enacted section 4—103. That is, the third division maintained, possessors of stolen motor vehicles were unconstitutionally punished more severely than thieves, in that only the former and not the latter

were punishable under section 4—103. Yet the supreme court ruled that all persons who possess a stolen motor vehicle—including professional thieves—are punishable under section 4—103. (*Bryant*, 128 Ill. 2d at 456, 539 N.E.2d at 1224.) Consequently, in view of our supreme court's reasoning in *Bryant*, we cannot hold that section 4—103 violates the due process and proportionate penalty provisions of the Illinois Constitution.

Jones has also attempted to identify infirmities in section 4—103 that were not before the supreme court in *Bryant*. However, these alleged infirmities have been rejected by opinions of this court, as well as other courts, which we are not disposed to depart from. For instance, Jones urges that section 4—103 violates due process because it is not reasonably related to the goal of preventing theft. But in *People v. Gentry* (1990), 192 Ill. App. 3d 774, 777, 549 N.E.2d 609, 610-11, we found that section 4—103 is reasonably related to this purpose, as it works directly against activities involved in the procurement of stolen motor vehicles and as it works to eliminate the market necessary to support car thieves.

Jones complains that section 4—103 violates his due process rights because the means chosen by the legislature to effect its aims were too indirect. In *Gentry*, we also rejected an identical argument, concluding that as section 4—103 was reasonably designed to remedy the evils of automobile theft, it was immaterial whether the statute was the most direct means to effect this end. In any event, we concluded that by including within its reach only those possessors of stolen motor vehicles who know the vehicles were stolen—or who are chargeable with such knowledge—section 4—103 contained the requisite aspect of culpable conduct to effect its purposes. See *Gentry*, 192 Ill. App. 3d at 777-78, 549 N.E.2d at 611-12.

Finally, Jones asserts that section 4—103 is unconstitutionally vague because it embodies contradictory mental states (namely, *scienter* and constructive knowledge), thereby denying citizens of ordinary intelligence fair notice of what conduct is prohibited. Jones relies upon *People v. Monroe* (1987), 118 Ill. 2d 298, 515 N.E.2d 42, in which the supreme court declared the Drug Paraphernalia Control Act (Ill. Rev. Stat. 1985, ch. 56½, par. 2101 *et seq.*) unconstitutionally vague. But in *Gentry* (192 Ill. App. 3d at 778, 549 N.E.2d at 612) and *People v. Malone* (1989), 188 Ill. App. 3d 1094, 1096-97, 545 N.E.2d 168, 169-70, this court distinguished *Monroe*. Unlike the act at issue in *Monroe*, we opined, section 4—103 merely provides that the requisite knowledge—that the vehicle was stolen—may be inferred from a person's exclusive and unexplained possession of it. The third division

came to the same conclusion in *People v. Hall* (1989), 187 Ill. App. 3d 1084, 543 N.E.2d 1038. In *People v. Ward* (1990), 194 Ill. App. 3d 229, 235-36, 550 N.E.2d 1208, 1212-13, the second division likewise rejected the analogy to *Monroe*, reasoning that section 4—103(a) only created an evidentiary presumption, instead of a mental state of constructive knowledge. See also *Gentry*, 192 Ill. App. 3d at 778-79, 549 N.E.2d at 612.

In conclusion, as the supreme and appellate courts of this State have upheld the constitutionality of section 4—103, we affirm the circuit court.

Affirmed.

LORENZ and MURRAY, JJ., concur.