THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHARLES REEVES, Defendant-Appellant.

Fourth District    No. 4—00—0317

Opinion filed January 14, 2002.

Daniel D. Yuhas, Jenifer L. Johnson, and Cathleen DeLaMar, all of State Appellate Defender's Office, of Springfield, for appellant.

John C. Piland, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and Kathy Shepard, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COOK delivered the opinion of the court:

Defendant Charles Reeves was convicted by a jury of possession of drug paraphernalia, a crack pipe, in violation of the Drug Paraphernalia Control Act (Act) (720 ILCS 600/1 *et seq.* (West 2000)). Defendant was acquitted, however, of possession of cannabis. Defendant moved for judgment notwithstanding the verdict on the drug paraphernalia count, arguing the State did not present sufficient evidence on each element necessary for conviction. The trial court denied the motion. We reverse.

The question presented in this case is whether, in a prosecution for possession of drug paraphernalia, the prosecution must prove that the possessed item was "marketed for use" in growing, producing, storing, or ingesting drugs, as is required by section 2(d) of the Act, which defines "drug paraphernalia." 720 ILCS 600/2(d) (West 2000). Because the interpretation of a statute is a question of law, our review is *de novo. People v. Maggette,* 195 Ill. 2d 336, 348, 747 N.E.2d 339, 346 (2001).

Defendant was charged with knowingly possessing "an item of drug paraphernalia, namely: a clear tube with 'filtering agent' with the intent of using it in inhaling a controlled substance into the human body," in violation of section 3.5 of the Act. Section 3.5 provides:

"(a) A person who knowingly possesses an item of drug paraphernalia with the intent to use it in ingesting, inhaling, or otherwise introducing cannabis or a controlled substance into the human body, or in preparing cannabis or a controlled substance for that use, is guilty of a Class A misdemeanor ***.

(b) In determining intent under subsection (a), the trier of fact may take into consideration the proximity of the cannabis or controlled substances to drug paraphernalia or the presence of cannabis or a controlled substance on the drug paraphernalia." 720 ILCS 600/3.5 (West 2000).

Under section 3.5, it is not enough to possess an item with the intent of using it to ingest a controlled substance. Under section 3.5, the item possessed must be "drug paraphernalia." "Drug paraphernalia" is defined as "all equipment, products and materials of any kind which are peculiar to and marketed for use in" growing, producing, storing, or ingesting cannabis or a controlled substance. 720 ILCS 600/2(d) (West 2000).

Section 3.5, dealing with *possession* of drug paraphernalia, is a recent addition to the Act. The original section was section 3, which deals with the *sale or delivery* of drug paraphernalia. A prior version of section 3 provided there was a violation if the person knew the item to be drug paraphernalia "or under all of the circumstances reasonably should have known" the item to be drug paraphernalia. Ill. Rev. Stat. 1985, ch. 56½, par. 2103(a). To the extent that the prior version purported to allow convictions based on the constructive knowledge of the seller, the supreme court held the statute to be unconstitutionally vague. *People v. Monroe*, 118 Ill. 2d 298, 305, 515 N.E.2d 42, 45 (1987). "Drug paraphernalia statutes are frequently challenged on vagueness grounds because of the inherent difficulty in proscribing certain articles only in regard to their illicit functions." *Monroe*, 118 Ill. 2d at 305, 515 N.E.2d at 45. Such vagueness objections can be overcome, however, by requiring *scienter*. *Monroe*, 118 Ill. 2d at 305, 515 N.E.2d at 45. Although a pipe may be peculiar to drug use, that pipe is not "drug paraphernalia" if the seller or marketer of the pipe does not market the pipe with the intent that the pipe be used to ingest drugs. *People v. Feld*, 267 Ill. App. 3d 56, 61, 641 N.E.2d 924, 929 (1994) ("The State must prove beyond a reasonable doubt that the items at issue are 'peculiar to' drug use *and* that the defendants 'marketed' those items as drug paraphernalia" (emphasis in original)).

Where one is charged with possession of drug paraphernalia, it should logically not be necessary to prove that any person marketed the item with the intent that the item be used to ingest drugs. Rather, it should only be necessary to prove that the person possessed the

item "with the intent to use it in ingesting, inhaling, or otherwise introducing cannabis or a controlled substance into the human body." 720 ILCS 600/3.5(a) (West 2000). Nevertheless, the definition of "drug paraphernalia" which applies to sale and delivery cases also applies to possession cases: items "which are peculiar to and *marketed* for use" (emphasis added) in growing, producing, storing, or ingesting. 720 ILCS 600/2(d) (West 2000).

■ There is no question, and defendant does not contest, that defendant possessed the crack pipe in question in this case. Nor is there any question that the crack pipe, a glass tube with a brillo pad as a filtering agent, is "peculiar to" drug use. The presence of cocaine on the crack pipe supports the jury's finding that defendant intended to use the crack pipe to ingest or inhale drugs. See 720 ILCS 600/3.5(b) (West 2000). The only question is whether the crack pipe was "marketed" for use with drugs. The plain meaning of the statute seems to be that homemade items which have never been marketed cannot constitute drug paraphernalia. While this may be a legislative oversight, we are not allowed to ignore the clear language of the statute. *People v. Bole*, 155 Ill. 2d 188, 198-99, 613 N.E.2d 740, 745 (1993).

The trial court, during the conference on jury instructions, observed there was no evidence that the item was marketed. "If anything, from what I heard of the testimony[,] it sounds to me like this is a homemade contraption that wasn't marketed by anybody for anything but rather put together by someone." The trial court's finding, as a matter of law, that the Act did not require, in this case, a showing that the item was "marketed" was in error. The trial court should have granted defendant's motion for judgment notwithstanding the verdict.

Based upon our ruling in this case, we need not address defendant's argument that the trial court should have granted his motion to suppress.

Accordingly, we reverse defendant's conviction.

Reversed.

MYERSCOUGH and STEIGMANN, JJ., concur.