THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JEFFREY M. CARLYLE, Defendant-Appellant.

First District (5th Division) No. 86—1420

Opinion filed August 14, 1987.

Paul P. Biebel, Jr., Public Defender, of Chicago (Gregory W. O'Reilly, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., Assistant State's Attorney, of counsel), for the People.

PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Following a bench trial, defendant was convicted of possession of a stolen motor vehicle and sentenced to three years' imprisonment. (Ill. Rev. Stat. 1985, ch. 95½, par. 4—103(b).) On appeal, he contends that (1) he was denied a fair trial by repeated references to his arrest record; and (2) the sentence imposed is arbitrary and capricious because the more serious offense of theft of a motor vehicle (Ill. Rev. Stat. 1985, ch. 38, par. 16—1(e)) carries a lesser penalty.

Police officer Fleming testified that he and his partner were in an unmarked police vehicle conducting a surveillance of a 1977 Chevrolet van which had been reported stolen. He observed a man, whom he identified in court as defendant, approach the van. He recognized him because "I knew I had him before." Defendant drove away in the van, followed by the officers, and after a chase of several blocks he stopped the van. When the officers left their car and approached the van defendant backed it into them and then fled on foot. Following an unsuccessful chase Fleming returned to check on his partner, who had sustained knee and back injuries in the incident. Shortly thereafter, Fleming was directed by a police radio call to a nearby rear yard where he saw defendant under a porch. During his cross-examination, after Fleming testified that he had seen defendant several times, he was asked, "Before this incident?" and he answered, "Yes. I arrested him before."

Relying primarily on *People v. Spiezio* (1982), 105 Ill. App. 3d 769, 434 N.E.2d 837, defendant contends that he was denied a fair trial by Fleming's testimony and what he categorizes as the State's "repeated references to an unrelated collateral arrest." *Spiezio* involved a burglary prosecution in which admittance of evidence that defendants were involved in unrelated thefts of a motor vehicle subsequent to the burglary was found to be prejudicial error.

■ The State argues that since defendant made no objection to Fleming's testimony and raised no issue concerning it in his post-trial

motion, his assertion of error should be considered waived unless it constituted plain error under Supreme Court Rule 615(a). (87 Ill. 2d R. 615(a); *People v. Thomas* (1984), 121 Ill. App. 3d 883, 891, 460 N.E.2d 402.) We agree that the issue has been waived and also conclude that the plain error exception to the waiver rule is not applicable.

■ We reach this latter conclusion because, first, unlike *Spiezio*, there was no evidence in this case regarding the nature of the offense for which Fleming had previously arrested defendant or the details concerning it. On direct examination, Fleming testified only that he recognized defendant because "I had him before." The single explicit reference to a prior arrest came during cross-examination of Fleming when, in response to defense counsel's inquiry as to whether he had seen defendant prior to this incident, Fleming stated that he had arrested defendant before. Moreover, the presumption that the trial court in a bench trial considered only proper evidence has not been rebutted in this case, as there is nothing in the record indicating that the court even considered this evidence in finding defendant guilty. *People v. Martinez* (1979), 76 Ill. App. 3d 658, 395 N.E.2d 124.

■ Defendant next contends the penalty for possession of a stolen motor vehicle is arbitrary and capricious because the more serious offense of theft of a motor vehicle carries a lesser penalty and that such sentencing scheme violates constitutional guarantees of due process and proportionate penalties as set forth in *People v. Wisslead* (1983), 94 Ill. 2d 190, 446 N.E.2d 512. There it was held that since unlawful restraint is a lesser-included offense of forcible detention, the sentence imposed violated the constitutional assurances of proportionate penalties and due process because it punished the less serious crime with a greater penalty than the more serious crime. (See also *People v. Wagner* (1982), 89 Ill. 2d 308, 433 N.E.2d 267 (statute providing a greater penalty for delivery of what is represented to be a controlled substance than for delivery of a genuine controlled substance constituted a denial of due process); *People v. Bradley* (1980), 79 Ill. 2d 410, 403 N.E.2d 1029 (provision of greater penalty for possession of certain controlled substance than for delivery of the same substance violated due process).) Defendant argues that he received a greater penalty for his conviction for possession of a stolen motor vehicle under the Illinois Vehicle Code than if he had been prosecuted and convicted under the theft provisions of the Criminal Code, since section 4—103(b) of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 4—103(b)), authorizes a sentence of three to seven years, a Class 2 felony, whereas the Criminal Code of 1961 authorizes a maxi-

mum sentence for theft between two and five years, a Class 3 felony (Ill. Rev. Stat. 1985, ch. 38, par. 16—1(e)(3)).

The State argues and we agree that because defendant's constitutional challenge is raised for the first time on appeal it must be considered waived. (*People v. Nester* (1984), 123 Ill. App. 3d 501, 462 N.E.2d 1011.) However, we also find that it is without merit.

■ Defendant relies on cases that have held possession of a stolen motor vehicle to be a lesser-included offense of theft, the greater offense. (*People v. Valentino* (1985), 131 Ill. App. 3d 257, 475 N.E.2d 627; *People v. Cramer* (1980), 81 Ill. App. 3d 525, 401 N.E.2d 644, *rev'd on other grounds* (1981), 85 Ill. 2d 92, 427 N.E.2d 81; *People v. Lindsey* (1979), 69 Ill. App. 3d 493, 387 N.E.2d 828.) However, we believe that recent actions of the legislature, in amending section 4—103 of the Vehicle Code to increase the penalty from a Class 4 felony to a Class 2 felony, demonstrate a legislative intent that possession of a stolen motor vehicle under section 4—103 be considered as a separate, more serious offense than theft and not a lesser-included offense thereof. Over a short period the legislature has progressively increased the penalty for the offense of possession of a stolen motor vehicle. *People v. Cramer* (1980), 81 Ill. App. 3d 525, 401 N.E.2d 644, *rev'd on other grounds* (1981), 85 Ill. 2d 92, 427 N.E.2d 81, was decided under a statute which made violation of section 4—103 of the Vehicle Code a Class 4 felony. (Ill. Rev. Stat. 1977, ch. 95½, par. 4—108(b).) Subsequently, section 4—103 was amended to provide that a first conviction for the offense of possession of a stolen motor vehicle was a Class 4 felony and subsequent convictions were Class 3 felonies. (Ill. Rev. Stat. 1979, ch. 95½, par. 4—103(b).) In 1984, the legislature amended section 4—103 again (Ill. Rev. Stat. 1985, ch. 95½, par. 4—103(b)), reclassifying an initial conviction for possession of a stolen motor vehicle as a Class 2 felony. The amendment of section 4—103, imposing a more severe penalty for possession of a stolen motor vehicle than that imposed for felony theft, demonstrated a legislative intent that possession of a stolen motor vehicle be considered as a separate, more serious offense and not as a lesser-included offense of theft. This conclusion is reinforced by the legislative history of the most recent amendment, particularly the House Debates, which show that its purpose was to combat the problems created by "chop shops," organized crime and full-time car thieves. 83d Ill. Gen. Assem., House Proceedings, May 24, 1984, at 107, 110; *Morel v. Coronet Insurance Co.* (1987), 117 Ill. 2d 18.

We agree with the State that *People v. Bales* (1985), 108 Ill. 2d 182, 483 N.E.2d 517, is persuasive analogous authority contrary to

defendant's position. In *People v. Bales*, the court rejected a contention that the residential burglary statute was unconstitutional as violating the limitation-of-penalties provision of the Illinois Constitution. (Ill. Const. 1970, art. I, sec. 11.) The defendant compared residential burglary with two other Class 1 felonies, aggravated kidnapping (other than for ransom) and indecent liberties with a child. The trial court had concluded that aggravated kidnapping (other than for ransom) and indecent liberties with a child, which did not have mandatory minimum terms of imprisonment, unlike the residential burglary statute, were more serious offenses because they involved intentional infliction of bodily harm. The supreme court reaffirmed the principles stated in *People v. Steppan* (1985), 105 Ill. 2d 310, 473 N.E.2d 300, where it upheld the burglary statute against a challenge that it was unconstitutional because it provided for a more serious penalty for burglary of a motor vehicle itself. (*People v. Bales* (1985), 108 Ill. 2d 182, 195, 483 N.E.2d 517.) The court emphasized its reluctance to invalidate penalties established by the General Assembly and stated that the frequency of a crime and the high risk of bodily harm associated with a crime may also be considered, in addition to the actual infliction of bodily harm, in determining the seriousness of an offense and that the legislature may perceive a need to enact more stringent penalty provisions in order to halt an increase in the commission of a particular crime. The court concluded that the legislative history indicated the residential-burglary statute was enacted to deter unlawful entry into dwelling places, as well as to protect the privacy and sanctity of the home, and that considering the frequency of the offense and the high risk of bodily harm associated with it, "for penalty purposes, residential burglary is not a less serious offense than aggravated kidnaping (other than for ransom) and indecent liberties with a child." 108 Ill. 2d 182, 195-96, 483 N.E.2d 517.

Also relevant is *United States v. Batchelder* (1979), 442 U.S. 114, 60 L. Ed. 2d 755, 99 S. Ct. 2198, where defendant was convicted of a Federal firearms violation and sentenced under the statute to the five-year maximum allowable term and contended that he should have been sentenced under another substantively identical statute providing for only a two-year maximum penalty. The United States Supreme Court rejected this contention, on the basis that just as a defendant has no constitutional right to elect which of two applicable statutes should be the basis of his indictment and prosecution, neither is he entitled to choose the penalty scheme under which he will be sentenced. (442 U.S. 114, 125, 60 L. Ed. 2d 755, 765, 99 S. Ct. 2198, 2205.) Here, as in *Batchelder*, separate statutes exist under which defendant

970

could possibly have been prosecuted and defendant was charged under a statute which provided for the more serious penalty.

 █ Under the principles set out in *People v. Bales, People v. Steppan* and *United States v. Batchelder*, we conclude that section 4—103(a) of the Vehicle Code is not unconstitutional. The legislative history discussed above shows the penalty was gradually increased as part of a deliberate effort to curb the offense of automobile theft. Moreover, courts are reluctant to invalidate penalties enacted by the General Assembly. The legislature was not required commensurately to increase the penalty for theft of all types under section 16—1 of the Criminal Code or establish equal or greater penalties for all thefts in order to ensure that its amendment of section 4—103(a) of the Vehicle Code was constitutional. We conclude that parity between the two statutes is not required and that section 4—103(a) does not violate the constitutional guarantees of due process of law and proportionate penalties because its penalties are greater than those of the general theft statute.

Therefore, the judgment of the circuit court of Cook County is affirmed. As part of our judgment, we grant the State's request that defendant be assessed $50 as costs for this appeal.

Affirmed.

LORENZ and MURRAY, JJ., concur.