THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. AUGUSTUS BALTHAZAR, Defendant-Appellant.

First District (2nd Division)   No. 1—86—1607

Opinion filed August 29, 1989.

Randolph N. Stone, Public Defender, of Chicago (Douglas Uhlinger and Alison Edwards, Assistant Public Defenders, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Inge Fryklund, James E. Fitzgerald, and Brian Grossman, Assistant State's Attorneys, of counsel), for the People.

JUSTICE SCARIANO delivered the opinion of the court:

Defendant was convicted in a bench trial of possession of a stolen motor vehicle. He appeals, arguing that the State failed to prove ownership of the vehicle, an essential element of the offense, and that section 4—103(b) of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 4—103(b)), defining the offense of possession of a stolen motor vehicle, is unconstitutional.

Chicago police officer Donald Wolverton testified at trial that on June 25, 1985, he was on patrol in a marked squad car in the vicinity of 345 South Albany Avenue in Chicago when he observed four men sitting in a parked car with no license plates. As he approached the car, the four men exited the auto and began running in different directions. The officer chased defendant and Zeke Myles, but was able to catch only Myles. According to Wolverton, Myles claimed that defendant had stolen the car. The officer further testified that he recognized defendant as one of the men in the car when he turned and looked back at Wolverton as he fled. Wolverton testified that he had known defendant for five or six years, had arrested him in the past,

and had seen him a few months prior to June 1985. The officer named defendant in his case report as "a wanted offender," and a warrant for his arrest was obtained.

After arresting Myles, Wolverton returned to the car, a 1978 Chevrolet Monte Carlo, and observed that the left-hand side of the steering column was peeled, the car radio was missing and the trunk lock had been pried away. Wolverton learned the identity of the owner of the car by running a computer check using the car's vehicle identification number; he then went to see him at approximately 6 a.m.

Ambrus Horton, the owner, testified that he had locked his car doors when he parked it in front of his house at approximately 9:30 p.m. on June 24, 1985. He had not realized his car was missing until notified by the police. Horton stated that Wolverton came to his home at approximately 5 a.m. on June 25, 1985, and that he accompanied the officer to the police station, where he saw his car. He testified that his car was "almost demolished," the steering column had been peeled, the dashboard was torn out, the car radio was missing, the window and lock had been knocked out and the personal property he had left in the car was missing.

Myles, a friend of defendant, testified that he was merely approaching the car and not actually in it when the police began chasing him; however, he admitted that he had pleaded guilty to "being inside the car." Myles claimed that defendant was not with him on the morning of June 25, 1985, and that he never told Wolverton that defendant had stolen the car.

Defendant denied any involvement in the incident, claiming that he was at home in bed on the morning of June 25, 1985, and that he was not with Myles nor chased by Wolverton.

Defendant was acquitted of the charge of burglary, but found guilty of possession of a stolen motor vehicle. Based upon this conviction, his probation for a prior burglary was revoked and he received concurrent six-year prison terms for both offenses. This appeal followed.

Defendant was convicted under the following statute:

"Offenses relating to motor vehicles and other vehicles-felonies. (a) It is a violation of this Chapter for:

(1) A person not entitled to the possession of a vehicle or part of a vehicle to receive, possess, conceal, sell, dispose, or transfer it, knowing it to have been stolen or converted; additionally the General Assembly finds that the acquisition and disposition of vehicles and their essential parts are strictly controlled by law and that such acquisition and disposition are

reflected by documents of title, uniform invoices, and bills of sale. It may be inferred, therefore that a person exercising exclusive unexplained possession over a stolen or converted vehicle *** has knowledge that such vehicle or essential part is stolen or converted, regardless of whether the date on which such vehicle or essential part was stolen is recent or remote." Ill. Rev. Stat. 1985, ch. 95½, par. 4—103(a)(1).

Defendant contends that the State failed to prove that the car from which he had allegedly run was stolen or that the car belonged to Ambrus Horton. He maintains that ownership of the vehicle is an essential element of the offense of possession of a stolen motor vehicle and must be proved by the State beyond a reasonable doubt. He emphasizes that Wolverton testified that he learned the identity of the owner of the car by checking the vehicle identification number, but he did not testify to the owner's identity at that time. During his rebuttal testimony, Wolverton stated that "the victim of the auto theft, Mr. Horton," was present when Myles made the statement that defendant stole the car. Additionally, defendant cites Horton's testimony that the police notified him of the theft at 5 a.m., which contradicts Wolverton's testimony that he observed defendant in the car at 5:40 a.m. and notified the owner at 6 a.m. Thus, according to defendant, he could not have been in Horton's car. Horton testified that he recovered his car at the police station, but he did not testify as to the vehicle identification number; therefore, defendant argues, Horton did not testify that he recovered the car from which defendant allegedly fled.

Defendant relies on *People v. Hope* (1979), 69 Ill. App. 3d 375, 387 N.E.2d 795, in support of his argument that the State had to prove that he had possession of Horton's, as opposed to any stolen vehicle. In that case, the appellate court reversed Hope's conviction for theft and possession of a stolen motor vehicle, stating:

"We believe, after a careful review of the record before us, that the State failed to conclusively establish beyond a reasonable doubt that the automobile driven by defendant at the time of his arrest was owned by Nortown. The evidence established that a 1976 white Oldsmobile 98 was reported stolen by Nortown sometime between May 20, 1976, and July 8, 1976, and that defendant was arrested on July 8, 1976, while driving a 1976 white Oldsmobile 98 which had apparently been reported stolen by an unidentified owner. However, the vital link necessary to establish that the Oldsmobile driven by defendant and the one missing from Nortown were the same automobile is clearly lacking. The State did not introduce a certificate of title

for the automobile driven by defendant to establish Nortown's ownership. Nor did the State prove the Oldsmobile driven by defendant and the one missing from Nortown bore the same vehicle identification numbers, although both numbers were available to the State. Furthermore, no chain of custody testimony was presented to indicate that the Oldsmobile in which defendant was arrested was later returned to, and accepted by, Nortown. Although *** [the] assistant general manager of Nortown[ ] testified that Nortown's missing Oldsmobile was returned by two other Nortown employees, the record does not indicate where or how these employees had obtained the automobile. There is certainly no evidence establishing that these employees obtained possession of the Oldsmobile from the police. The record does not reflect the date on which Nortown's automobile was returned and does not even preclude the possibility that Nortown had recovered its Oldsmobile prior to July 8, 1976[,] the date of defendant's arrest. A judgment of conviction cannot be allowed to stand where, as here, the evidence fails to convincingly establish the ownership of the automobile allegedly stolen by defendant." (69 Ill. App. 3d at 380.)

The court also noted that there was no evidence "to indicate that Nortown recovered the missing Oldsmobile from the police station shortly after defendant's arrest." (69 Ill. App. 3d at 381.) It appears that the court was discussing Hope's conviction for theft, referring to "the automobile allegedly stolen by defendant"; however, the court reversed both Hope's conviction for theft and his conviction for possession of a stolen motor vehicle. Because of this reference to "the automobile allegedly stolen by defendant," it is not clear whether the *Hope* court required proof of ownership as to the charge of possession of a stolen motor vehicle. 69 Ill. App. 3d at 380.

■ The State contends that the statute under which defendant was charged "does not require proof of ownership but instead presents the issue as to whether or not the defendant had a right to possession of the motor vehicle." (*People v. Putney* (1971), 132 Ill. App. 2d 967, 974, 271 N.E.2d 685.) It correctly contends that the instant case is distinguishable from *Hope*, because although the State did not show that the car in which defendant was sitting and Horton's missing car "bore the same vehicle identification numbers," there was "chain of custody testimony" that the Monte Carlo from which defendant fled was the Monte Carlo returned to Horton. Both Wolverton and Horton gave similar descriptions of the damage done to the car, and Horton recovered his auto from the police station shortly af-

ter defendant was seen fleeing from it. The evidence clearly supports the judge's conclusion that defendant had possession of Horton's stolen auto.

■ Defendant also argues that the statute relating to the possession of a stolen motor vehicle is unconstitutional, because it provides for a greater penalty than the general theft statute, of which it is a lesser included offense. The supreme court has recently rejected this argument and upheld the statute (*People v. Bryant* (1989), 128 Ill. 2d 448), stating:

> "Under previous statutory schemes, possession of a stolen motor vehicle may have been considered a lesser included offense of theft. [Citations.] However, any previous lesser included offense rule is not applicable to the current statutory scheme for possession of a stolen motor vehicle. The steady increase in the penalty provision for possession of a stolen motor vehicle is indicative of the legislature's intent to make possession of a stolen motor vehicle a separate, more serious offense then theft, rather than a lesser included offense of theft. [Citations.]
>
> We believe that the legislature's decision to steadily increase the penalty for possession of a stolen motor vehicle was designed to distinguish possession of a stolen motor vehicle from theft in order to remedy the increasing frequency of the offense of possession of a stolen motor vehicle and its related activities. Therefore, we hold that section 4—103(b) of the Vehicle Code is reasonably designed to protect the public from the evils of the offense of possession of a stolen motor vehicle and its related activities. As such, section 4—103(b) of the Vehicle Code does not violate sections 2 and 11 of article I of the Illinois Constitution." (128 Ill. 2d at 457-58.)

Accordingly, we reject defendant's argument regarding the constitutionality of the statute under which he was convicted.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

HARTMAN and DiVITO, JJ., concur.