THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MATTHEW BOUNDS, Defendant-Appellant.

First District (5th Division)   No. 1—88—0298

Opinion filed February 9, 1990.

Randolph N. Stone, Public Defender, of Chicago (Mark H. Kusatzky, Assistant Public Defender, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Christine Perille, Special Assistant State's Attorney, and Inge Fryklund and James Fitzgerald, Assistant State's Attorneys, of counsel), for the People.

JUSTICE GORDON delivered the opinion of the court:

After a bench trial, defendant, Matthew Bounds, was convicted of possession of a stolen motor vehicle in violation of section 4—103(a)(1) of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 4—103(a)(1)) and sentenced to a term of three years in prison. On appeal, he raises two issues, both involving the constitutionality

of the possession of a stolen motor vehicle statute. (Ill. Rev. Stat. 1987, ch. 95½, par. 4—103.) We affirm defendant's conviction.

Defendant was convicted of possessing a stolen 1976 Chrysler automobile during the early morning hours of January 7, 1987. He contends that his conviction should be reversed because section 4—103(b) of the Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 4—103(b)), the penalty provision for possession of a stolen motor vehicle, violates: (1) the proportionate penalties guarantee of the Illinois Constitution (Ill. Const. 1970, art. I, §11) because it punishes the less serious offense of possession of a stolen motor vehicle more harshly (as a Class 2 felony) than the more serious offense of theft of a motor vehicle (a Class 3 felony under section 16—1(e)(3) of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, par. 16—1(e)(3))); and (2) the due process guarantee of the Illinois Constitution (Ill. Const. 1970, art. I, §2) because it is not reasonably designed to remedy the evils of "chop shop" operations and organized motor vehicle theft which the legislature sought to remedy with this legislation.

When this appeal was first filed, there was a conflict within the appellate court over whether section 4—103(b) was constitutional. For instance, in *People v. Bryant* (1988), 165 Ill. App. 3d 996, 520 N.E.2d 890, the third division of the first district held section 4—103(b) to be unconstitutional, while in *People v. Carlyle* (1987), 159 Ill. App. 3d 964, 513 N.E.2d 61, the fifth division of the first district held section 4—103(b) to be constitutional. Before scheduled oral arguments in this appeal, later waived by defendant, our supreme court rendered its decision reversing the third division in *People v. Bryant* (*People v. Bryant* (1989), 128 Ill. 2d 448, 539 N.E.2d 1221, *rev'g* 165 Ill. App. 3d 996, 520 N.E.2d 890) and holding that section 4—103(b) was constitutional. In so doing, the supreme court considered the same issues as are raised by defendant in this appeal. The court found that the history of amendments to the penalty provision of the statute, indicating a steady increase in the penalty for possession of a stolen motor vehicle, demonstrated a legislative intent "to make possession of a stolen motor vehicle a separate, more serious offense than theft, rather than a lesser included offense of theft." (*Bryant*, 128 Ill. 2d at 457, 539 N.E.2d at 1225.) The court also found that the clear language of the statute indicated an intent to prohibit all persons, including organized motor vehicle thieves, from possessing stolen motor vehicles and the statute which made possession a Class 2 felony for all persons was reasonably designed to fulfill that intent. (*Bryant*, 128 Ill. 2d at 455-57, 539 N.E.2d at 1224-26.) On the basis of the supreme court's decision in *Bryant*, we

are precluded from considering defendant's contentions in this appeal. See *People v. Washington* (1989), 184 Ill. App. 3d 703, 707, 540 N.E.2d 1014, 1016.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

LORENZ and MURRAY, JJ., concur.