THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JEFFREY FUDGE, Defendant-Appellant.

First District (3rd Division)   No. 1—88—0807

Opinion filed December 31, 1990.

Randolph N. Stone, Public Defender, of Chicago (Robert D. Glick, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Inge Fryklund and Judy L. DeAngelis, Assistant State's Attorneys, of counsel), for the People.

JUSTICE RIZZI delivered the opinion of the court:

Following a bench trial defendant Jeffrey Fudge was found guilty of possession of a stolen motor vehicle and sentenced to serve five years' imprisonment. On appeal, defendant argues that his conviction must be vacated because the possession of stolen motor vehicle statute (Ill. Rev. Stat. 1987, ch. 95½, par. 4—103(a)(1)) violates due process and the guarantee of proportionate penalties. We affirm.

Defendant was charged by indictment with possession of a stolen motor vehicle (PSMV). Defendant argued at trial that the PSMV statute was unconstitutional and cited *People v. Bryant* (1988), 165 Ill. App. 3d 996, 520 N.E.2d 890, in support of his position. The trial court ruled that *Bryant* was not controlling and subsequently denied

defendant's motion in arrest of judgment. This appeal followed.

On appeal defendant argues that the PSMV statute is unconstitutional because it does not use a reasonable method to further or protect the State interest for which it was enacted. Defendant further contends that the offense of PSMV is a lesser included offense of theft and, therefore, imposition of a greater penalty violates the Illinois Constitutional requirement of proportionate penalties.

Section 4—103 of the Illinois Vehicle Code provides in part:

"Offenses relating to motor vehicles and other vehicles—Felonies. (a) It is a violation of this Chapter for:

(1) A person not entitled to the possession of a vehicle or essential part of a vehicle to receive, possess, conceal, sell, dispose, or transfer it, knowing it to have been stolen or converted; ***

* * *

(b) Sentence. A person convicted of a violation of this Section shall be guilty of a Class 2 felony." Ill. Rev. Stat. 1987, ch. 95½, par. 4—103.

■ In *People v. Bryant* (1989), 128 Ill. 2d 448, 539 N.E.2d 1225, the supreme court reversed the appellate court and held that section 4—103 of the motor vehicle code does not violate the due process and proportionate penalty clauses of the Illinois Constitution. The court found that section 4—103 applies to all persons, including organized motor vehicle thieves. The supreme court therefore concluded that the appellate court erred in determining that possessors of stolen motor vehicles are punished more severely than organized motor vehicle thieves. The court reached this conclusion because all persons who possess a stolen motor vehicle, including organized motor vehicle thieves, are punishable under section 4—103(b) of the Vehicle Code. (*Bryant*, 128 Ill. 2d at 456.) The court also concluded that the steady increase in the penalty provision for possession of a stolen motor vehicle was indicative of the legislature's intent to make possession of a stolen motor vehicle a separate, more serious offense than theft, rather than a lesser included offense of theft. *Bryant*, 128 Ill. 2d at 457.

■ Since the supreme court has upheld the constitutionality of section 4—103 of the Vehicle Code, we reject defendant's argument and affirm the judgment of the circuit court.

Affirmed.

CERDA, P.J., and WHITE, J., concur.