THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL MATLOCK, Defendant-Appellant.

Fifth District   No. 5—90—0625

Opinion filed January 13, 1992.

Daniel M. Kirwan, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Paula Phillips, State's Attorney, of Effingham (Kenneth R. Boyle, Stephen E. Norris, and Scott A. Manuel, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE CHAPMAN delivered the opinion of the court:

Defendant, Michael Matlock, pled guilty to driving while license revoked and was sentenced to two years and six months in prison. Defendant filed a petition for post-conviction relief alleging that he had been detained and arrested without probable cause and that his lawyer was ineffective because he failed to investigate the case properly and failed to move to quash the defendant's arrest. Defendant contended that his subsequent guilty plea was neither knowing nor voluntary as a result of counsel's inadequate representation. Defendant's petition was denied following an evidentiary hearing. We affirm.

Michael J. Matlock was charged with driving while license revoked. At the preliminary hearing the arresting officer, Detective Leonard Klein, testified he was traveling east on West Fayette Road around 2:05 p.m., August 21, 1989, when he first saw the defendant's yellow vehicle. The vehicle, Klein said, was coming from a farm road or private lane and turned onto West Fayette Road in front of the officer. Klein stated he was certain the yellow car had no business being on the property as he was familiar with the owner and there was a "no trespassing" sign at the entrance of the private drive. Officer Klein said he then ran a check on the vehicle and it came back regis-

tered to a Leona Matlock of Mattoon. He followed the car as it entered Interstate 70 from West Fayette. At this point Detective Klein attempted to stop the vehicle with his siren, but the defendant apparently could not hear the siren as he did not stop. Defendant's car exited Interstate 70 and stopped at a K mart parking lot. Detective Klein pulled up behind the vehicle, walked up to the car, and asked the defendant for some identification. The driver produced an Illinois identification card with the name Michael J. Matlock. Officer Klein ran a check on the defendant and was advised that the defendant's driver's license was currently revoked.

On January 3, 1990, the defendant, while represented by counsel Tracy W. Resch, pled guilty to the charge of driving while license revoked. This was a Class 4 felony, under the circumstances, with a maximum sentence of three years and a possible fine of $10,000. On February 13, 1990, the court sentenced the defendant to two years and six months in the Department of Corrections.

A hearing was held on June 8, 1990, on defendant's motion to withdraw his guilty plea. At this hearing defendant testified that counsel Resch had told him there was no defense and that if he pled guilty he would have a "good" chance at probation. On cross-examination defendant admitted that Mr. Resch had told him this based on the information given him by the defendant. Defendant also admitted that he had not told Mr. Resch about his prior criminal convictions in Texas. Tracy Resch also testified at the hearing. Mr. Resch stated that he had filed a motion for discovery, had examined the relevant police records, and had conferred with the defendant about the merits of the case and possible defenses. Mr. Resch said that he had considered filing a motion to quash the defendant's arrest but after investigation had decided not to file such a motion. The court denied defendant's motion to withdraw his plea.

On July 11, 1990, the defendant, by counsel Michael J. Meyer, filed a petition for post-conviction relief. Defendant alleged that Detective Klein had detained and arrested him without reasonable cause, that Mr. Resch had failed to provide effective assistance of counsel when he failed to investigate and to attempt to quash the defendant's arrest, and that defendant's guilty plea was neither knowing nor voluntary as a result of counsel's inadequate representation. A hearing on the petition was held September 7, 1990.

At the September 7, 1990, proceedings Detective Klein reaffirmed his testimony from the preliminary hearing. He added that, at the time, he was driving an unmarked car with only a siren, that the "no trespassing" sign was posted on the private drive about 10 feet from

the road, and that about half of the defendant's car was still located on the side of the sign toward the private property when he first observed it. Klein also added that the registration on the plates was current and valid. Officer Klein elaborated on his previous testimony, stating that the private property in this case was owned by a person he knew, Marie Pike, a secretary of the police department. He said that her home had recently been burglarized, that there had been other acts of vandalism and burglary in that area, and that the private drive in question ran behind a wooded area through which one could walk and reach the Pike residence. He also testified that he knew that no one was home on the date in question. After approaching the defendant at K mart, Klein asked him what he was doing on the Pike property, but Klein could not recall defendant's answer. Detective Klein reiterated that after checking defendant's Illinois identification card and learning that his driver's license had been revoked, defendant was arrested for driving while license revoked.

In his testimony at the post-conviction proceeding, the defendant testified that he had backed the vehicle into the farm lane in order to turn around. He said that he did see the "no trespassing" sign, but that no part of his car ever passed beyond the sign. After turning around and heading toward the interstate, the defendant observed a brown sedan behind him, but he did not recognize it as a police vehicle and heard no siren. Once stopped by Detective Klein, defendant said, he was not asked about trespassing or his presence on the Pike property. Defendant also claimed that his original counsel, Tracy W. Resch, never discussed the circumstances of his arrest with him, never told him of any possible defense based on the circumstances of the stop and arrest, and indeed told him there was no defense. Defendant stated that when he pled guilty he did not know of any defense.

The court denied the defendant's petition for post-conviction relief. The court held that Officer Klein did have reasonable cause to stop the vehicle in order to make an investigatory inquiry into the defendant's actions. The court also held that the failure to file a motion to quash the defendant's arrest was not ineffective assistance of counsel.

Defendant's argument on the propriety of the stop rests largely on his ability to show that the stop was without sufficient justification. *Terry v. Ohio* (1968), 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868, holds that a police officer may stop and temporarily detain an individual or motorist for the purpose of a limited investigation if the officer is able to point to specific and articulable facts which, taken

together with reasonable inferences drawn from the officer's experience, reasonably justify the investigative intrusion. (*Terry v. Ohio* (1968), 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868; *People v. Bujdud* (1988), 177 Ill. App. 3d 396, 401, 532 N.E.2d 370, 373.) Thus an investigatory stop is proper if the facts available to the officer would warrant a man of reasonable caution to believe that the action taken was appropriate. Each case must be decided on its own facts, and a reviewing court may not disturb the trial court's decision unless it was manifestly erroneous. *Bujdud*, 177 Ill. App. 3d at 401, 532 N.E.2d at 373.

■ While defendant may have been on the Pike property legally and justifiably, a trained officer who was familiar with the area could reasonably have perceived it otherwise. Officer Klein testified that at least half of the defendant's vehicle was beyond the "no trespassing" sign and moving away from the Pike property when he first observed it. From his own experience the officer stated that he knew the owner of the land, that no one was home at that time, that the residence had recently been burglarized, that other acts of vandalism and burglary had occurred in that area, and that the road defendant was seen on gave access to the residence by means of a short walk through a wooded area.

The cases cited by defendant in an attempt to demonstrate that the stop by Klein was unjustified are easily distinguishable. In each of those cases the officers had seen nothing to indicate that any traffic or other laws or ordinances had been violated. In this case Officer Klein, based on his observances and personal experience, had reason to believe that the defendant had at least committed a criminal trespass. Ill. Rev. Stat. 1989, ch. 38, pars. 21—3(a), (b).

*People v. Deppert* (1980), 83 Ill. App. 3d 375, 403 N.E.2d 1279, is the case most similar to the instant case. In *Deppert*, however, the police officer had observed the defendant enter and immediately turn around on the alleged private property and quickly exit. There was also a factual dispute as to the posting of any signs, and the officer admitted that he did not stop the defendant because of the trespass. In the case at hand, both sides acknowledged the existence of signs posted, and Officer Klein stated he stopped defendant at least in part due to a suspected trespass. Further, Klein only observed the defendant exiting the Pike property. While the defendant's explanation as to his presence on the private property may have been truthful, the officer's suspicion of a trespass, and possibly more, was not inconsistent with the facts when viewed objectively from his position.

We find that Officer Klein's testimony gave specific and articulable facts which, when taken with the reasonable inferences from his own experience, reasonably justified the investigative intrusion. Thus the circuit court's decision was not manifestly erroneous and will not be disturbed.

This being said we move to the allegation of ineffective assistance of counsel. Defendant claims his attorney, Mr. Resch, provided ineffective assistance when he failed to file a motion to suppress evidence gained from the "illegal" stop, thereby prompting the defendant to plead guilty.

"A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington* (1984), 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064.

In *People v. Albanese* (1984), 104 Ill. 2d 504, 473 N.E.2d 1246, the supreme court of Illinois adopted the *Strickland* standard. Under the first prong of *Strickland*, a defendant claiming ineffective assistance of counsel must show that the advice of counsel fell outside the range of competence demanded of attorneys in criminal cases. (*Strickland*, 466 U.S. at 687, 80 L. Ed. 2d at 693, 104 S. Ct. at 2064.) There is a strong presumption that the challenged action of counsel was the product of sound strategy and not of incompetence. (*People v. Barrow* (1989), 133 Ill. 2d 226, 247, 549 N.E.2d 240, 249.) An attorney's decision to file a motion is generally regarded as a matter of trial strategy which must be given great deference. *People v. Bryant* (1989), 128 Ill. 2d 448, 458, 539 N.E.2d 1221, 1226.

■ The burden is on the defendant to show that counsel's performance was deficient and ineffective. (See *Strickland*, 466 U.S. at 687, 80 L. Ed. 2d at 693, 104 S. Ct. at 2064.) Resch testified that he had conferred with the defendant about the merits of the case and possible defenses and said that he had considered a motion to quash the defendant's arrest but after investigating had decided not to file such a motion. Having concluded that the stop was justifiable, we cannot now say that the decision of Resch not to pursue a motion to

quash fell outside the range of competence demanded of attorneys in criminal cases.

While defendant disputed the extent of discussions concerning the merits of the case and possible defenses, he did admit that he had not told Mr. Resch about his previous convictions in Texas. Absent this information, Resch, after weighing the costs and benefits involved, advised the defendant that if he pled guilty he was likely to receive probation. The defendant, acting on the advice of counsel, pled guilty. The presentence investigation report revealed the previous convictions, and the defendant received 2½ years in prison.

Counsel is entitled to rely upon information provided by the defendant in forming a trial strategy. (*Bryant*, 128 Ill. 2d at 459, 539 N.E.2d at 1226.) Counsel has a duty only to make reasonable investigations or to make reasonable decisions which make particular investigations unnecessary. Heavy deferrence is given to counsel's judgment in this matter. (*People v. Harris* (1989), 129 Ill. 2d 123, 544 N.E.2d 357.) Having relied on the false information provided him by the defendant and having determined from his own investigation that no defense was available, Mr. Resch advised the defendant to plead guilty.

Given the strong presumption in favor of counsel's competence and the great deference toward strategic decisions, we find that the defendant has failed to show that counsel's performance was deficient and has thus failed to demonstrate the first prong of the *Strickland* test. Since both prongs are necessary to establish ineffective assistance of counsel, the defendant has failed in his burden on appeal.

Had the defendant told Mr. Resch of his prior criminal convictions, it may be that the attorney, in weighing the costs and benefits of a guilty plea, would have decided that the likelihood of imprisonment outweighed any benefits hoped to be gained by pleading guilty. But we will not second-guess the decision of an attorney relying on information provided him by his own client or allow a defendant to profit from his own deceptions.

For the foregoing reasons, we hold that the trial court did not err in denying the defendant post-conviction relief on the basis of ineffective assistance of counsel.

Affirmed.

GOLDENHERSH, P.J., and RARICK, J., concur.