THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JESSE J. JONES, Defendant-Appellant.

Fifth District    No. 5—99—0783

Opinion filed November 1, 2000.

Daniel M. Kirwan and E. Joyce Randolph, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

D. Brian Trambley, State's Attorney, of Vienna (Norbert J. Goetten, Stephen E. Norris, and Patrick D. Daly, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KUEHN delivered the opinion of the court:

Jesse J. Jones (defendant) asks us to find that Public Act 89—689 (Pub. Act 89—689, eff. December 31, 1996 (1996 Ill. Laws 3775)) is unconstitutional because the Act violates the rule that all bills must be confined to a single subject (Ill. Const. 1970, art. IV, § 8(d)). Defendant is specifically interested in section 104—21 of the Code of Criminal Procedure of 1963 (725 ILCS 5/104—21 (West 1996)), which includes an amendment by Public Act 89—689 (Pub. Act 89—689, § 90, eff. December 31, 1996 (1996 Ill. Laws at 3792) (amending 725 ILCS 5/104—21 (West 1994))). The amended version of section 104—21 does not automatically provide a criminal defendant with the right to a fitness hearing relative to that defendant's fitness to stand trial because the defendant is receiving psychotropic medication. 725 ILCS 5/104—21 (West 1996). We decline to find Public Act 89—689 unconstitutional, and we affirm the trial court's judgment and sentence.

Defendant committed a crime on December 12, 1996, while he was incarcerated in Shawnee Correctional Center. During his May 20, 1999, trial, he was taking the prescription drug Serentil, which is labeled as a psychotropic drug. He testified that he had been taking the drug since 1997. The prosecutor asked defendant various questions to determine if defendant was aware of his surroundings and what was transpiring within the courtroom. Defendant responded that he was so aware. Defendant was found guilty, and on June 23, 1999, the trial court sentenced defendant to four years' imprisonment.

At the time of defendant's trial, the version of section 104—21 of the Code of Criminal Procedure of 1963 in effect (725 ILCS 5/104—21 (West 1996)) did not require an automatic fitness determination if a defendant was taking a psychotropic drug during the trial. Defendant contends that the newest version of this statute is unconstitutional because the act which amended the statute violated the single-subject rule. If we declare the statute unconstitutional, the original version of the statute would control.

The original section 104—21(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat., 1980 Supp., ch. 38, par. 104—21(a)) became effective on December 28, 1979, and stated, "A defendant who is receiving psychotropic drugs or other medications under medical direction is entitled to a hearing on the issue of his fitness while under medication."

This statute was first amended effective December 13, 1995, and then stated in relevant part, "A defendant who is receiving psychotropic drugs under medical direction is entitled to a hearing on the issue of his or her fitness while under medication; however, no hearing is required unless the court finds there is a bona fide doubt of the defendant's fitness." 725 ILCS 5/104—21(a) (West Supp. 1995). Our supreme court concluded that this second version was unconstitutional because the act which amended the statute violated the single-subject rule. *Johnson v. Edgar*, 176 Ill. 2d 499, 516-17, 680 N.E.2d 1372, 1380 (1997).

The statute was again amended effective December 31, 1996, and then stated, "A defendant who is receiving psychotropic drugs shall not be presumed to be unfit to stand trial solely by virtue of the receipt of those drugs or medications." 725 ILCS 5/104—21(a) (West 1996). This is the present version of the psychotropic drug statute and is the version challenged by defendant in this appeal.

■ We review constitutionality issues on a *de novo* basis. *People v. McClanahan*, 191 Ill. 2d 127, 132, 729 N.E.2d 470, 474 (2000). Although defendant failed to raise the constitutionality argument at the trial court level, he is not precluded from raising it for the first time

on appeal. See *People v. Bryant*, 128 Ill. 2d 448, 454, 539 N.E.2d 1221, 1224 (1989).

Statutes carry a very strong presumption that they are constitutional as written. *Russell v. Department of Natural Resources*, 183 Ill. 2d 434, 441, 701 N.E.2d 1056, 1060 (1998).

■ The Illinois Constitution states as follows:

"Bills, except bills for appropriations and for the codification, revision[,] or rearrangement of laws, shall be confined to one subject." Ill. Const. 1970, art. IV, § 8(d).

The rule is designed to "facilitate orderly legislative procedure" (*Johnson*, 176 Ill. 2d at 514, 680 N.E.2d at 1379) and to prevent legislation from passage that would not have the necessary support to pass if it was presented by itself (*Johnson*, 176 Ill. 2d at 514, 680 N.E.2d at 1379, citing *Geja's Café v. Metropolitan Pier & Exposition Authority*, 153 Ill. 2d 239, 258, 606 N.E.2d 1212, 1220 (1992)).

■ The term "subject" should be liberally construed, and the subject can be as broad as determined by the legislature. *Johnson*, 176 Ill. 2d at 515, 680 N.E.2d at 1379, quoting *People v. Dunigan*, 165 Ill. 2d 235, 255, 650 N.E.2d 1026, 1035 (1995). The subject matter of the act must have a "natural and logical connection." *Johnson*, 176 Ill. 2d at 515, 680 N.E.2d at 1379, citing *Cutinello v. Whitley*, 161 Ill. 2d 409, 423-24, 641 N.E.2d 360, 366 (1994). The legislature must "go very far to cross the line to a violation of the single[-]subject rule." *Johnson*, 176 Ill. 2d at 516, 680 N.E.2d at 1380.

In *Johnson v. Edgar*, the supreme court concluded that lumping various statutory sections under the heading of "public safety" violated the single-subject rule because the provisions were disparate. *Johnson*, 176 Ill. 2d at 517-18, 680 N.E.2d at 1381. The "public safety" heading did not serve to unify these disparate provisions. *Johnson*, 176 Ill. 2d at 517-18, 680 N.E.2d at 1381-82.

In this case, we must address Public Act 89—689 (Act or Public Act 89—689) and its heading, "An Act in relation to public safety." Defendant argues that the Act's heading and its contents are broad in the sense that "public safety" was in *Johnson v. Edgar* and that, therefore, Public Act 89—689 violates the single-subject rule. Defendant actually argues that Public Act 89—689 is entitled "Crimes and Corrections—General Amendments." However, as the Third District correctly points out, that heading was created by a publisher. *People v. Startz*, 312 Ill. App. 3d 863, 870, 728 N.E.2d 825, 831 (2000), *vacated on other grounds*, 189 Ill. 2d 699, 713 N.E.2d 760 (2000). So, we address defendant's argument in the context of the correct heading, "An Act in relation to public safety."

■ In reviewing the 19 sections of Public Act 89—689, we agree

that the title of the Act is quite broad. However, the breadth of an Act's title alone does not render it unconstitutional. *People v. Dixon*, 308 Ill. App. 3d 1008, 1014, 721 N.E.2d 1172, 1177 (1999). Furthermore, we note that the Act encompasses an extensive array of amendments and additions. However, that fact does not automatically mean that the Act violates the single-subject rule. The subject matters of the sections can be different so long as they logically relate to a single subject. *Arangold Corp. v. Zehnder*, 187 Ill. 2d 341, 354-55, 718 N.E.2d 191, 199 (1999); *Premier Property Management, Inc. v. Chavez*, 191 Ill. 2d 101, 113, 728 N.E.2d 476, 483 (2000). The sections of the Act do not have to logically relate to each other. *Arangold Corp.*, 187 Ill. 2d at 354-56, 718 N.E.2d at 199-200; *Premier Property Management, Inc.*, 191 Ill. 2d at 114, 728 N.E.2d at 484.

■ Accordingly, we must determine whether the provisions of Public Act 89—689 relate to a general single subject. The Third and the Fourth Districts of the Appellate Court have addressed this very issue and concluded that the Act is constitutional. *Startz*, 312 Ill. App. 3d 863, 728 N.E.2d 825; *Dixon*, 308 Ill. App. 3d 1008, 721 N.E.2d 1172.

We will not address each of the 19 sections of the Act because the Fourth District of our appellate court thoroughly did so in *Dixon*. *Dixon*, 308 Ill. App. 3d at 1014-16, 721 N.E.2d at 1177-79. All 19 sections relate to the subject of the criminal justice system. *Dixon*, 308 Ill. App. 3d at 1016, 721 N.E.2d at 1179. That subject encompasses "the substantive criminal law as well as the administration of the criminal justice system." *Dixon*, 308 Ill. App. 3d at 1014, 721 N.E.2d at 1177. The administration of a criminal justice system includes the categories of "criminal procedure, law enforcement, the Illinois Department of Corrections \*\*\*, the juvenile court system, and matters of criminal court administration." *Dixon*, 308 Ill. App. 3d at 1014, 721 N.E.2d at 1177. Issues of public safety have historically been handled in our criminal justice system. *Startz*, 312 Ill. App. 3d at 871, 728 N.E.2d at 831.

Defendant specially argues about a few of the sections of the Act, and we will briefly address them and explain their connection to the criminal justice system. Section 70 of the Act amends the Illinois Vehicle Code (625 ILCS 5/1—100 *et seq.* (West 1994 & Supp. 1995)) and provides immunity for persons who collect blood or urine specimens for later evidentiary use at the behest of law enforcement. Pub. Act 89—689, § 70, eff. December 31, 1996 (1996 Ill. Laws at 3783-84) (adding 625 ILCS 5/11—500.1 (West 1996)). Despite the fact that the section provides civil immunity, the section does relate to the criminal justice system because of the context in which the blood or urine samples would be utilized. Section 35 amends a portion of the Court of

Claims Act (705 ILCS 505/1 through 29 (West 1994 & Supp. 1995)) that pertains to claims made against the State of Illinois for time unjustly spent in prison. Pub. Act 89—689, § 35, eff. December 31, 1996 (1996 Ill. Laws at 3777-78) (705 ILCS 505/8 (West Supp. 1995)). Although this section involves civil claims, the foundation for those claims lies in the criminal justice system. Section 95 amends the State Appellate Defender Act (725 ILCS 105/1 through 11 (West 1994)) and covers the issue of the backlog of indigent criminal appeals. Pub. Act 89—689, § 95, eff. December 31, 1996 (1996 Ill. Laws at 3793) (adding 725 ILCS 105/10.5 (West 1996)). Clearly, this section deals with problems within the criminal justice system.

After reviewing all 19 sections of the Act, defendant's arguments that the sections do not logically relate to a single subject, and the analysis of the Third and Fourth Districts of our appellate court, we conclude that Public Act 89—689 does not violate the single-subject rule and is therefore constitutional.

For the foregoing reasons, the judgment of the circuit court of Johnson County is hereby affirmed.

Affirmed.

RARICK and HOPKINS, JJ., concur.